## LEFTWICH v. SUMMERS.

### No. 4793.

Court of Civil Appeals of Texas. Texarkana.
Nov. 14, 1935.

Rehearing Denied Nov. 28, 1935.

Jesse F. Holt, of Sherman, and Rodgers & Rodgers, of Texarkana, for appellant.

Cunningham & Lipscomb, of Bonham, for appellee.

SELLERS, Justice.

This suit was brought by M. S. Summers against George C. Leftwich to recover the value of 480 crates of No. 2 onions alleged to have been converted by the defendant.

In stating his cause of action, plaintiff alleged "that heretofore about the 15th day of June, 1932, the plaintiff herein .was the owner of 480 crates of onions, said crates containing one bushel per crate, and that said onions were of the reasonable cash market value of 35¢ per crate at said time at Trenton, and that said onions were contained in containers known as crates, and that each crate was of the reasonable cash market value of 16¢ each; that the onions without the crates were of the reasonable cash market value of $168.00 and the crates were of the reasonable cash market value of $76.-80, and that the crates and onions together were of the reasonable cash market value of $244.00; that said onions and the crates containing the same were by the plaintiff placed upon and caused to be placed upon the platform of the defendant. * * * " The petition closes with a prayer for judgment for his damages.

The defendant in his answer denied that he had converted the onions sued for.

The court heard the evidence and submitted the case to a jury upon the following special issues:

"No. 1: Do you find from a preponderance of the evidence that during the month of June, 1932, plaintiff was the owner of 480 crates of No. 2 onions?"

Answer: "Yes."

"No. 2: Do you find from a preponderance of the evidence, that is, the greater weight of credible testimony, that the defendant, Geo. Leftwich, converted during the month of June, 1932, 480 crates of No. 2 onions belonging to plaintiff?"

Answer: "Yes."

"No. 3: What was the fair, reasonable cash market value of the 480 crates of No. 2 onions referred to in Question No. 1 at Trenton, Texas, on or about the latter part of June, 1932?"

Answer: "25¢ per crate or $120 for 480 crates."

"No. 4: Do you find from a preponderance of the testimony that the plaintiff knew his onions were being shipped from Trenton at or before shipment was being made or before completed?"

Answer: "No."

Upon the jury's finding, the court entered judgment for plaintiff for the sum of $120; and for the further sum of 16 cents per crate for the crates, which the judgment recites the court found as the value of the crates, each from the undisputed testimony, the total amount allowed by the court for the crates being $76.80, the judgment being for the total sum of $196.-80. From this judgment, the defendant has duly prosecuted this appeal.

Appellant brings forward a number of assignments of error, all of which we think should be overruled, except the one which complains of the judgment in so far as it allows a recovery for the crates. This assignment, in our opinion, should be sustained. While our investigation of the statement of facts discloses that the evidence as to the value of the crates is uncontradicted as being 16 cents per crate, yet the value of the onions as given by the witnesses was all the way from 4 cents per crate without the crates, to 51 cents or more with the crates. In other words, the value of the onions was given by the witnesses both ways, that is, they gave the

value in the crates and the value excluding the crates. The issue as submitted to the jury as to the value of the onions is so framed as to not exclude from the jury's consideration the value of the crates, and we have no way of determining whether the jury, in arriving at the value of the onions, included the value of the crates or not. It is readily apparent that if the jury did consider the value of the crates in arriving at their answer to Issue No. 3, the judgment authorizes a double recovery in so far as the crates are concerned.

For this reason, the judgment of the trial court is reversed, and the cause remanded.