**CHAMBERS v. APPLE et al.**

No. 13354.

Court of Civil Appeals of Texas. Fort Worth.

April 24, 1936.

Rehearing Denied June 12, 1936.

Smoot & Smoot, of Wichita Falls, for appellant.

W. E. Fitzgerald, of Wichita Falls, for appellees.

BROWN, Justice.

On July 7, 1933, appellant, Harrold J. Chambers, was living in Pueblo, Colo., with his wife and two small children; one being an infant in arms. In the same city, appellee Mrs. Minnie Lee Apple, mother of Mrs. Chambers, likewise resided with her then husband, Mrs. Chambers' stepfather. On said date, Mrs. Chambers took her husband and the youngest child in the family car and carried her husband to his place of work, leaving the oldest child at appellees' house, and she was killed in an automobile wreck on her return home. After the fatal accident, some one took the baby in arms to its grandmother's home.

The proof establishes the fact that the children remained at their grandmother's until the summer of 1934, when appellant brought habeas corpus proceedings to secure the custody of his minor children, and on September 12, 1934, judgment was rendered awarding the custody of the children to appellant and denying appellees the right of such custody.

During the time that the children were with their grandmother, all of the expenses required for their maintenance and care were borne by appellees.

After appellant was awarded the custody of the children, appellees brought suit against Harrold J. Chambers individually and as guardian of his two minor children to recover judgment for their maintenance and support.

The cause was tried to the court, and judgment was rendered for appellees against appellant individually in the sum of $700. Judgment was denied as against appellant in his capacity as guardian of the children. The appeal is taken from this judgment.

· The principal contentions of appellant are: (1) That the rendering of such judgment is erroneous because appellant maintained a home and was prepared to care for his children and never agreed to pay appellees for their care and maintenance; (2) that the judgment allowing appellees to recover, during the period between the filing of the habeas corpus proceedings and the final judgment, is error; (3) that the trial court erred in denying appellant the right to recover on a cross-action for sums of money collected by Mrs. Apple from the estate of Mrs. Chambers, appellant having pleaded the collection and conversion of such funds; (4) that the court erred .in permitting Mrs. Apple to testify concerning the transactions had with her deceased daughter, in regard to the moneys collected by Mrs. Apple which belonged to her daughter; (5) that the judgment for $50 per month as a reasonable charge for the support and care of the children is error, because not supported by competent evidence.

▉▉▉ It is true that the record discloses no express agreement on the part of appellant to pay his mother-in-law for the care, maintenance, and support of his minor children. But it is also undisputed that he bore none of these expenses, and it is undoubtedly the law that he is liable in such sum as would be a reasonable amount for the care, maintenance, and support of his little children, and we hold that the trial court was correct in so finding. Fifty dollars per month for the care, maintenance, and support of a child 2½ years old and a baby about 7 months old, covering a period of fourteen months, is not an unreasonable charge, and the trial court so found, and · we believe that the objections to the evidence introduced covering the reasonableness of these charges goes more to the weight than to the competency of the same.

▉▉▉ Mrs. Apple's testimony concerning what was done with the moneys collected by her belonging to Mrs. Chambers, furnished ample evidence for a finding upon the part of the trial court that Mrs. Chambers gave this money to her mother and for denying a recovery of such sums or the application thereof as a payment of any indebtedness owing for the care, maintenance, and support of the minors.

The estate of the deceased Mrs. Chambers was not a party to this suit, and the contention on the part of appellant that article 3716, Rev.Civ.Statutes, furnishes a bar to the testimony given by Mrs. Apple concerning her transactions with the deceased, Mrs. Chambers, are not well taken in our opinion.

This case arises from a family quarrel over the care and custody of the two orphan children, and it is règrettable that any such a situation ever arose, but appellant, the father of the children who unfortunately lost their mother, is, as a matter of law, liable for their care, maintenance, and support, and the trial court could do nothing more than so find. This being true, the reasonableness of the judgment rendered by him is, in fact, all that· is before us for consideration, and we cannot find from the evidence that the amount fixed by the trial court was unreasonable. Taylor v. Deseve, 81 Tex. 246, 16 S.W. 1008; 46 C.J. p. 1264, and authorities there cited.

The judgment of the trial court is in all things affirmed.