## BOYLE v. TULLY.

### No. 10921.

Court of Civil Appeals of Texas. Galveston.

Nov. 29, 1939.

Rehearing Denied Dec. 21, 1939.

Melbourne C. Driscoll, of Houston, for appellant.

W. M. Streetman, Raymond A. Cook, and Andrews, Kelley, Kurth & Campbell, all of Houston, for appellee.

GRAVES, Justice.

This much of the able brief for the appellee is adopted as the Court's opinion in this cause:

"This appeal is from a judgment of the trial court sustaining appellee's general demurrer to appellant's eighth amended original petition. Under the facts as alleged in that petition, appellee's minor child was awarded to its mother in a divorce-decree, dissolving the marriage between those two—its parents. Appellant subsequently married appellee's divorced wife, and, at that time, took appellee's minor child into his home and furnished her 'with the necessaries of life in her maintenance, care, education, and general support.' This action was thereafter brought by appellant to recover the alleged value of the necessaries so furnished; * * * nowhere in the petition is there an allegation that appellee agreed, or by his acts or failure to act impliedly agreed, to repay appellant for any amount expended on the child. Nowhere in the petition is there an allegation that appellant, in furnishing the child with its ordinary benefits, did so involuntarily. Nowhere in the

petition is there an allegation that appellee has ever refused, upon request, to furnish his minor child with the necessaries of life. The allegations are limited to a statement of appellant's acts while in loco parentis, and to a general conclusion of law that appellee is liable to repay to appellant in cash an amount alleged to be the value of the necessaries furnished.

■ "Conceding the general rule stated in appellant's proposition that 'a father's duty to support the child continues notwithstanding divorce-decree awarding custody to mother', it does not follow that one who fulfills the natural obligations of a stepfather to a minor child thereby acquires a cause of action against the natural father for a cash remuneration.

■ "* * * The logic of appellant's proposition is not thoroughly understood. If its purpose is merely to establish the rule that appellee was and is under a continuing 'duty' for the support of his child, it cannot be questioned. That rule has long been established. If, however, the proposition is expected to establish that such a 'duty' upon a natural father gives a windfall to one who has voluntarily taken the child into his home, it must be severely questioned. * * *

"In the Franks case appellant referred to, the principal question was very similar to the one at hand, whether or not the stepfather had a right to charge his wife for the maintenance of the minor child by a former marriage. The stepfather, after the marriage with the mother, just as in this case, took the child into his home where it was maintained and supported. In neither that case nor the one at bar was there an allegation that plaintiff, by any act, indicated that he was assuming the position of a creditor rather than one in loco parentis. The Court held that by taking the child into his home, he thereby voluntarily assumed the relation of a parent to that child, and that, therefore, whatever he may have done for the child,

must be presumed to have been done on account of such relation, without any expectation of subsequent payment therefor. The Court said this in the case of Franks v. Franks, Tex.Civ.App., 138 S.W. 1110, above discussed:

■ "'"A husband is not bound in law to provide for the child of his wife by a former husband, but if he receives such child into his home, and holds it out to the world as a member of his family, he stands to him in loco parentis, and incurs the same liability for his support as in the case of his own child." * * *

"'In Schouler on Domestic Relations, p. 378, it is said that: "It is well settled that in the absence of statutes a person is not entitled to the custody and earnings of stepchildren, nor bound by law to maintain them. Yet if a stepfather voluntarily assumes the care and support of a stepchild, he stands in loco parentis, and the presumption is that they deal with each other as parent and child, and not as master and servant—in which case the ordinary rules of parent and child will be held to apply, and neither compensation for board is presumed on the one hand nor for services on the other."'

■ "* * * Appellant argues that he did not 'voluntarily take the child into his home'. Unfortunately, he is not supported by the allegations of his own petition. On this appeal this Court does not have to determine what unequivocal acts appellant would have had to allege, in order to rebut the presumption mentioned in Franks v. Franks, supra, that a stepfather furnishing necessaries to a minor child does so voluntarily and as a parent. It is sufficient to point out that no such allegations were in any way made or suggested."

Appellant's sole contention that the trial court committed fundamental error in sustaining the general demurrer is overruled.

The judgment will be affirmed.

Affirmed.