**MAXWELL v. MAXWELL.**

No. 5780.

Court of Civil Appeals of Texas. Amarillo.
June 9, 1947.

Rehearing Denied July 21, 1947.

H. S. Lattimore and J. Rob Griffin, both of Fort Worth, and George Sergeant, of Dallas, for appellant.

Wm. Andress, Jr., of Dallas, for appellee.

LUMPKIN, Justice.

This is an appeal by John H. Maxwell, appellant, from a judgment awarding $2650 to Ruby Mina Maxwell, appellee, as a refund for monies expended by her in the support and maintenance of their minor daughter, Zella Rosemary Maxwell. This case is the culmination of years of wrangling by these parties over the custody and support of their minor child.

When Zella Maxwell was about two years old, so the record reveals, her parents were granted a divorce by the 96th District Court of Tarrant County, Texas. In the decree, dated October 28, 1931, the appellee was awarded the custody of Zella, and the appellant was ordered to contribute $20 monthly toward the ·support of his daughter. Soon after the divorce the appellant went to the place where the appellee and Zella were living and took possession of the child. Whereupon the appellee filed an application for a writ of habeas corpus in the 96th District Court of Tarrant County. When the habeas corpus came on for hearing, sometime during the fall of 1931, the Judge of the court was absent, and Judge Frank Culver of the 17th District Court heard the application. The parties appeared each asking for the custody of the child.

After hearing the evidence and realizing that the Judge of the 96th District Court, who had granted the divorce, was more familiar with the facts surrounding the case, Judge Culver decided to postpone the hearing until the following Monday when the Judge of the 96th District Court would be present. Over the appellant's protest and statement that appellee was planning to leave the State with the child, Judge Culver, relying on appellee's promise that she would produce the child in open court the next Monday morning, ordered appellant to give Zella to the appellee. The next day, probably Sunday, the appellee and Zella left the State and went to Greenville, South Carolina. Thereafter, they lived in South Carolina, Mississippi, and Brooklyn, New York, and did not return to Texas until January 1, 1942, when the girl and the appellee moved to Dallas. The hearing in

the 96th District Court, in the absence of appellee and the child, was continued from time to time. On April 7, 1932, the court awarded Zella to the custody of the appellant.

Soon after Zella and her mother moved to Dallas, appellant instituted this case by filing an application for a writ of habeas corpus in which he asked for the possession of his child. The appellee in her answer and cross action, filed July 10, 1942, alleged she was entitled to be reimbursed for the amount spent for the support and maintenance of the child since the date of the divorce. The petition also asked for a division of the community property. Subsequently, the petition was amended for a second time on November 9, 1942; thereafter it was not amended until March 11, 1946, when she filed her third amended original answer and cross action in which she asked that she be reimbursed from the date of the divorce to the date of the trial for money spent by her in Zella's support; and likewise this amended original answer sought a partition and an accounting of the community property.

With the filing of the answer and cross action, the appellant dismissed his application for a writ of habeas corpus and leveled special exceptions under the Two Year Statute of Limitations against all recovery sought by appellee for more than two years before the filing of the original answer, which date barred all expenditures before July 10, 1940; and also against the expenditures arising after the filing of the second amendment on November 9, 1942, but more than two years before the filing of the trial pleading on March 11, 1946, thereby barring the expenditures made in the child's behalf between November 9, 1942 and March 11, 1944. Those exceptions pertaining to the period prior to July 10, 1940, were sustained; however, those relating to the period between November 9, 1942, and March 11, 1944, were overruled. The court also sustained an exception to that portion of appellee's pleading which asked for a partition and an accounting of the community property.

In order to clarify these dates, we shall designate July 10, 1940, to November 9, 1942, as the first period; from November 10, 1942, to March 11, 1944, as the intermediate period; and from March 11, 1944, to the date of the trial, as the third period.

Trial was to a jury. To the special issues submitted the jury found, among other things, that from July 10, 1940, to November 9, 1942, the first period, the appellee expended $1300 in maintaining Zella Maxwell; that she expended $450 in Zella's behalf from November 10, 1942, to March 11, 1944, the intermediate period; and that $1350 was used for Zella's support during the third period, March 11, 1944, to the date of the trial. On this verdict the trial court rendered judgment; however, upon further arguments of limitations by the appellant, the court refused to give the appellee judgment for the expenditures the jury found she made during the intermediate period. The judgment as rendered gave appellee $2650. This amount covered the first and third periods. From this judgment the appellant perfected an appeal to the Court of Civil Appeals at Dallas, from where it was transferred to this Court by Supreme Court of Texas.

The appellant attacks the trial court's judgment in nine points of error which group themselves into these contentions: 1. The court erred in rendering judgment in favor of the appellee for the amounts the jury found she had expended during the first and third periods because from July 10, 1940, to January 1, 1942, a portion of the first period, Zella was not in Texas and was not within the jurisdiction of the courts of this State; because from March 11, 1944, to the date of the trial, the third period, Zella was in appellee's custody contrary to the orders of the District Courts of Tarrant and Dallas Counties, and contrary to the appellant's wishes; and because at all the times covered by the evidence in this case the appellant was ready, willing, and able to support and maintain Zella at his home located in Tarrant County, 2. The evidence is insufficient to support the jury's verdict and the court's judgment, 3. The eighth and ninth points of error stand by themselves. We shall discuss them separately.

The appellant urges that appellee is not entitled to recover that portion of the $1300 which was expended in Zella's behalf from

July 10, 1940, to January 1, 1942, for the reason that she was acting contrary to the court's order and therefore was in no position to call upon the courts of this State to assist her in this recovery. To the special issues submitted on this subject the jury found that the appellee had taken the child out of the State of Texas in 1931 after Judge Frank Culver had ordered appellee to appear the following Monday morning in the 96th District Court of Tarrant County; that the appellee in 1940 and 1941 had kept Zella out of the State with the knowledge that on April 7, 1932, the 96th District Court had placed Zella in appellant's custody; and that the appellee kept Zella out of Texas without appellant's consent or authority. The evidence reveals that an order was entered September 14, 1942, by the District Court of Dallas County which awarded appellant the custody of his child for a period of three years with the understanding that she was to attend the San Marcos Baptist Academy at her father's expense. According to the order, during the summer months the girl was to live with the appellee and appellant was to contribute $40 monthly toward her support. At the conclusion of the school year of 1943, Zella left the San Marcos Academy, where she had been for approximately nine months, and returned to Dallas to spend the summer with her mother. In the fall she did not return to the Academy, the reason being that the school authorities refused to accept her for another term unless they were given full custody. Neither the appellant nor the appellee did anything to grant the San Marcos Academy this authority. Zella continued to live in Dallas with the appellee.

Our courts have repeatedly held cases of this nature are to be treated as ordinary actions for debt. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Hooten v. Hooten, Tex.Civ.App., 15 S.W. 2d 141; Bowyer v. Bowyer, Tex.Civ.App., 80 S.W.2d 475, affirmed 130 Tex. 257, 109 S.W.2d 741. When the appellee, in the fall of 1931, filed an application for a writ of habeas corpus asking for the return of her child, who it will be recalled had been taken from her possession by the appellant, she was by virtue of the divorce decree entitled to the possession of the girl. Her object in filing the application was to obtain possession of the girl. When Judge Culver ordered the applicant to give Zella to the appellee, he returned the child to the person who had a valid and binding judgment from a court of competent jurisdiction vesting in her the sole custody of the child. And when appellee failed to keep her promise to Judge Culver, and did not return with the child the next Monday morning, she may have been in contempt of court. This question is not for us to determine. But whether she was or not, Judge Culver's instructions to her did not disturb the court's judgment of October 28, 1931, which had placed the custody of the child with the mother. Under such a judgment, until set aside by some other decree, she was empowered to take charge of the child wherever she found it and take it wherever she pleased. Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77. Nor, in our opinion, was the situation changed by the court's order of April 7, 1932, in which the custody of the child was given to the appellant. At the time this order was entered, Zella and the appellee had been living in South Carolina for four months. In Texas an action to change the custody of a minor child is a new and independent suit requiring written pleadings and service of citation upon the opposing party. Stone v. Dickerson, Tex. Civ.App., 138 S.W.2d 200; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. Our courts have held that jurisdiction to award custody of a minor child depends upon the domicile of the child because judgment awarding custody carries with it domicile and domestic status. Peacock v. Bradshaw, Tex.Sup., 194 S.W.2d 551. The divorce decree had made Zella's mother her lawful custodian and while appellee lived her domicile was the child's domicile. Because appellee had left the State, the minor child was a non-resident of the State, and the 96th District Court of Tarrant County had no jurisdiction. It is argued by the appellant that the order of April 7, 1932, was the result of the hearing initiated by the appellee. We find no evidence to this effect and the order itself does not so recite. This record does not reflect that any written pleading or cross action was ever filed whereby the court could acquire jurisdic-

tion; nor is there anything in the order to indicate that service was had upon the appellee or that she had begun the proceedings and thereby placed herself within the jurisdiction of the court, nor is there anything to show that the order was the result of appellee's application for a writ of habeas corpus. In the absence of this evidence it is our opinion that the order of April 7, 1932, awarding the custody of Zella to appellant, was ineffective. Therefore, this portion of appellant's contention, and the points of error thereunder, are overruled.

■ And now as to the remainder of appellant's first contention. At all times after January 1, 1942, Zella was within the jurisdiction of the Texas courts. Zella's failure to return to the San Marcos Baptist Academy was not due to appellee alone. The evidence reveals that neither appellant nor appellee initiated any action to comply with the school authorities' request that they be given complete custody of the child. In its order giving the appellee custody, the court had provided that when not in school the girl should be with appellee, and when she remained with appellee after completing the school year of 1942-1943, the court's order was not thereby violated. To the special issue submitted, the jury found that Zella did not remain with her mother under any agreement between the appellee and Judge Claude M. McCallum (of the District Court of Dallas County), whereby appellee would keep the child and expect no support from the father. For these reasons appellant's points of error in this connection are overruled.

■ It is the general rule in this State that a father is under a duty to support his minor children, and he cannot escape this duty even though his minor children are in the custody of other persons. The fact that appellant was ready and willing to support his minor child does not relieve him of his legal obligation to reimburse the person who did furnish his child with the necessities of life. Chambers v. Apple, Tex.Civ.App., 94 S.W.2d 1206. A careful reading of this record discloses that although the appellant was ordered in the original divorce decree to pay $20

monthly for Zella's support he admitted he made none of these payments; and although the order sending his child to the San Marcos Academy provided he pay $40 a month to the appellee when Zella was not in school, the appellant admitted he made none of these payments. The evidence does reveal he paid Zella's expenses while attending the San Marcos Baptist Academy from September 1, 1942, to June, 1943. The evidence does show, and the jury so found, that appellee did spend $1300 during the first period and $1350 during the third period for Zella's support. The burden of proving he has supplied his daughter with necessities was upon the appellant, and although the jury did find that he was ready, willing, and able to support Zella, the evidence fails to show that he did support her. Gully v. Gully, supra. For these reasons appellant's points of error in this connection are overruled.

■ In his second contention the appellant asserts that the evidence is insufficient and does not support the sum of $1300, the amount the jury found the appellee expended for Zella's support during the first period, or the $1350 appellee used for this purpose during the second period. More accurately appellant's complaint is to the method by which the appellee arrived at the amounts she testified were used for Zella's support. Appellee determined these figures by dividing her total rent and food bill by the number of people sharing it and assessing Zella with her pro rata of the living costs, plus the cost of her clothes and incidental expenses. These living costs, asserts the appellant, are conclusions, a matter of opinion evidence. Some of appellee's testimony in this connection was in the nature of conclusions, but the rule is that a witness may testify directly to a composite fact, though in a sense his testimony may be the result of his conclusion from other facts. Texas Co. v. Andrade, Tex.Civ.App., 52 S.W.2d 1063. It is a matter of common knowledge that it costs money to rear and educate children, and it is reasonably possible to ascertain the amount of these costs. Hemsell v. Summers, Tex.Civ.App., 138 S.W.2d 865. The appellee's testimony shows that during the

first period, twenty-eight months, she expended $1800 in Zella's behalf; however, the jury found that $1300 was reasonable and properly spent, or an average of $46.43 a month. For the third period, March 11, 1944, to the date of the trial, June 18, 1946, twenty-seven months, the appellee's testimony shows an expenditure of $2400.; the jury found $1350 to be a reasonable and proper expenditure, an average of $50 per month. Considering that Zella was about twelve years old during the first period and approximately seventeen years old at the time of the trial, in our opinion, these amounts are neither unreasonable nor improper. Chambers v. Apple, supra. Therefore, appellant's contention as to this subject is overruled.

■ By his eighth point of error the appellant contends that the trial court erred in entering judgment because there was no jury findings that any of the amounts used in Zella's behalf were for necessities. The record fails to show that appellant produced any evidence that the sums claimed by appellee were not spent, or were not reasonable, or were not necessities, or were not proper. There being no disputed question of fact regarding whether or not the amounts expended by appellee were for necessities, the trial court did not submit this issue to the jury. The record does not reveal that the appellant objected to the trial court's failure to submit such an issue; the record does show that appellant first raised the question on a motion for a new trial. Under Rules 274 and 279, Texas Rules of Civil Procedure, appellant has waived the right to raise this issue at this time. Therefore, his point of error is overruled.

■ Finally, the appellant urges that the trial court erred in admitting in evidence appellant's original application for a writ of habeas corpus. Appellant objected to such introduction, saying that the application was immaterial and had no bearing on any of the issues of this case, and that it was introduced for the purpose of prejudicing him before the jury. The application was admissible, and even if it was prejudicial to the rights of the appellant, the appellee should not be deprived of its benefit merely because it might have had a tendency to prejudice the appellant in the eyes of the jury, Hussmann v. Leavell & Sherman, Tex.Civ.App., 20 S.W.2d 829. In his brief the appellant is chiefly concerned with appellee's counsel's argument to the jury in which it was pointed out that appellee's original cross answer was filed July 19, 1942 at 8:47 a. m., and appellant's application for a non-suit was filed the same day at 10:02 a. m. The appellee's counsel stated "the only thing John Maxwell is interested in where his daughter is concerned, is money. This is proved by the fact that he filed a suit for the custody of the child, as shown by a copy of his petition which is in evidence, and you can see by the dates on the cross action and the date he took a non-suit of his petition, that the minute she filed a cross action asking for the child support for Zella, he dismissed his petition." The trial court qualified appellant's bill of exceptions to the effect that appellant failed to object to this argument of appellee's counsel at the time it was made. If this argument was prejudicial, appellant has waived his right to urge the point.

■ The appellee urges three cross assignments of error, the first of which complains of the action of the trial court at the pre-trial hearing in sustaining the appellant's pleas of limitations against all of the expenditures made by the appellee for Zella's support more than two years prior to the filing of the suit. The second cross assignment asserts that the trial court erred in refusing judgment in favor of appellee for $450, the jury having found this amount reasonable and proper expenditures for the minor child during the intermediate period, November 10, 1942 to March 11, 1944.

Although, generally speaking, a father is liable for the support and maintenance of his minor children, this is a case in which the minor is not primarily concerned. It is a suit for debt in which the appellee is not seeking support for Zella but reimbursement to herself for past expenditures, and as such it is subject to the same limitations as other suits of similar nature. For this reason these two cross

assignments are overruled. Article 5526, Vernon's Annotated Civil Statutes; Hartman v. Hartman, Tex.Civ.App., 32 S.W. 2d 233.

The third cross assignment of error complains of the trial court's action in sustaining the exceptions to that portion of the appellee's pleadings which asked for an accounting and a partition of the community property. The original divorce decree of October 28, 1931, provided, among other things, that the appellant should pay the appellee $727, payable as follows: $200 upon the entry of the judgment, the remaining $525 to be paid at the rate of $70 per month. These payments were to be made into the registry of the court, the first payment being due November 15, 1931. The appellant was to pay direct to the appellee $20 a month for the use and benefit of Zella Rosemary Maxwell; and it was further provided, after giving the household furniture to appellee, that all other property belonging to the community estate of the parties was set over to the appellant upon the full and final payment of the above sums. However, it is to be noticed that the execution for the sum of $725 was "stayed so long as the defendant pays said sum as hereinabove decreed as and when the same becomes due, and upon failure * * * to pay same said stay shall cease and such parties shall have execution for the payment of the balance due on the respective sums." Although appellant admitted he did not make the payments for the support and maintenance of Zella and did not make any payments under the judgment other than the cash payments, nowhere in the record does it appear, from the date of the decree to the filing of the cross answer, a period of nearly eleven years, did appellee sue out a writ of execution. This judgment in favor of appellee for the support of Zella is subject, in our opinion, to the same incidents as judgments in other actions at law. The court did not err in sustaining appellant's plea of limitation at the pre-trial hearing. Article 5532, Vernon's Annotated Civil Statutes.

As to the other portion of the judgment, it is the appellee's contention that since "all other property belonging to the community estate" was not set over to the appellant except upon the "full and final payment" of certain sums therein decreed to be paid, title to this portion to the community property did not pass, and at this time the appellant and the appellee are tenants in common. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Myers v. Crenshaw, Tex.Civ.App., 116 S.W.2d 1125. With this we agree.

To this contention the appellant excepted on four grounds which were sustained by the court at the pre-trial hearing. Briefly stated these were as follows: The appellee failed to state a cause of action; the appellee was not specific as to the original community property, or to the present community property; and that the appellee's allegations are contrary to the terms of the judgment. The exception that appellee's allegations state no cause of action has been abolished by Rule 90, Texas Rules of Civil Procedure. Appellant's first and fourth exceptions fail to show wherein there is any defect in appellee's pleading and therefore are not sufficient under the rule. Obviously the allegations are not contrary to the terms of the judgment. A court decreeing partition of property held in common has authority to adjust all of the equities. Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 140 A.L.R. 1164. The record reveals that from the time of the divorce to the time of the trial this property has been in appellant's possession. The appellee is not required to plead facts which by their very nature are peculiarly within the knowledge of the appellant. It would probably be impossible for the appellee to set forth specifically all of the transactions of appellant in the operation of the Maxwell Steel Company. Articles 6082, 6101–6106, Vernon's Annotated Civil Statutes; Gutheridge v. Gutheridge, Tex.Civ.App., 161 S.W. 892; Florida Athletic Club v. Hope Lumber Co., 18 Tex.Civ.App. 161, 44 S.W. 10. After a careful review of the record in this connection, together with the authorities we have cited, we are convinced the trial court erred in sustaining the appellant's exceptions to this portion of the appellee's third cross assignment of error.

The appellant has filed a motion to strike that portion of appellee's brief which contains the three cross assignments, asserting that appellee failed to file a motion for a new trial, and, therefore, he is not entitled to urge cross assignments of error on appeal. These cross assignments come within the purview of Rule 324, Texas Rules of Civil Procedure. Appellant's motion to strike is overruled. Arouani v. Battistic, Tex.Civ.App., 113 S.W.2d 667.

We have carefully examined all of the appellant's contentions as well as appellee's cross assignments of error. We affirm the trial court's judgment save that portion which relates to appellee's claim to an interest in the property belonging to the parties as set forth in the judgment of the 96th District Court. This portion of the cause is reversed and remanded for a trial upon the merits.