## MORGAN et vir. v. DRESCHER.
### No. 12076.

Court of Civil Appeals of Texas. Galveston.
March 17, 1949.

Rehearing Denied April 7, 1949.

Vinson, Elkins, Weems & Francis and W. B. Browder, Jr., all of Houston, for appellants.

H. J. Bernard, of Houston, for appellee.

GRAVES, Justice.

The appellant, Mrs. Chloe Morgan, joined—pursuant to Article 1983, Vernon's 1948 Texas Statutes—by her husband, Claude F. Morgan, sued her former husband, Cliff E. Drescher, for the recovery of money alleged to have been properly expended for necessaries furnished by the mother to Sue Morgan Drescher, the minor child of such two Dreschers, after she became 16 and before she became 21 years of age. The daughter had been born to Mr. and Mrs. Drescher while they were husband and wife on January 25th of 1930; thereafter, on November 9th of 1944, such parents were divorced and the custody of the daughter was awarded to Mrs. Drescher, with Mr. Drescher ordered to pay her $50.00 per month for the daughter's support until she should reach 16 years of age, which order the daughter's father complied with.

Since that date, which was January 25th of 1946, when his daughter became 16, the father, though requested, failed and refused to pay anything further for the support, education and maintenance of the child, and her mother furnished the daughter necessary support; education and maintenance, which she alleged to be to the extent of $5394.61, which was the reasonable worth of such expenditures. Subsequent to the divorce from the child's father on November 9th of 1944, the mother married her present husband, Claude F. Morgan.

When the cause came on for trial, the 127th District Court of Harris County sustained a plea-in-abatement and motion

to strike the trial petition so filed by the appellants, as presented by the appellee, and dismissed such suit.

In doing so, the court thus recited the ground for its holding:

"* * * the Court being of the opinion that a father is not liable for monies expended upon necessaries furnished his child after said child reaches the age of 16 years, said child not having been a member of his household, and his former wife having married another person, by reason of the statutes of this State, both civil and criminal, relieving the father of any liability for the support of such a child, after she is 16 years of age, where such circumstances exist."

The statutes so relied upon by the court were these: Article 4639 and Article 4639a, Vernon's 1948 Texas Statutes; and Article 602, Penal Code.

Appellants attack such judgment of dismissal through three points-of-error, in which they contend: (1) That their described petition stated a good cause-of-action against the appellee; (2) That her father is legally liable for necessaries furnished his minor child, even though such child is over 16 years of age; and (3) Such necessary expenditures by the mother for the maintenance of their minor daughter were recoverable in the circumstances so existing, where the minor's father had failed and refused to furnish them.

This Court sustains appellants' points, and holds that the trial court erred.

On appeal, the appellee, in addition to the statutes so relied upon by the trial court, cites and relies upon these authorities: Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953, 955; Boyle v. Tully, Tex. Civ.App., 134 S.W.2d 500, 501.

It is thought to be clear that neither the statutes, nor the two decisions cited by him, sustain the appellee's position. Both it and the court's judgment rest upon the view that Article 4639a, passed in 1935, supplanted any common-law liability of parents to support their children over 16 years of age, especially that "of a divorced father for the necessaries furnished his minor child."

■ It is true that statute, in substance, provides that the court may order either parent to make periodical payments for their children until they reach the age of 16 years; but—contrarily to this contended-for construction—by its Section 2, it further specifically provides that it is cumulative only of all other laws on the same subject of the care and support of minor children, and is not intended to repeal any other law with reference thereto.

Moreover, that Act came under construction by our Supreme Court in Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1021, in which the Court said:

"* * * When we read this statute in its entirety, and construe it from its four corners, we are convinced that it evidences no legislative intent to alter or change the pre-existing rules of law as regards the custody of children in actions such as the instant one. *It will be noted that such statute deals alone with children under the age of sixteen years. It has no application to children over that age.*" (Italics ours).

■ As concerns the Penal Code, Article 602, supra, it in substance denounces punishment against a husband who willfully deserts, neglects, or refuses to support, his child under 16 years of age; but that punitive law has been extant since 1913, and, so far as this Court is advised, has never been held to limit or affect the father's civil liability for necessaries furnished to his minor child. In other words, there obviously is a decided difference between a civil liability for debt resulting from expenditures for the support of a minor, and criminal punishment levied against a father for his failure, neglect, or refusal to support, that child.

■ That is, over all, our Courts have generally and uniformly held that cases like the present one are simply ordinary civil suits for debt, arising from expenditures already made for necessaries furnished a minor child by someone other than its father, and, apparently with one voice, they appear to have heretofore determined that the father is primarily liable for necessaries furnished to his minor

child—either male or female—until it reaches the age of 21 years, except in cases where the female has legally married, thereby making her of age for all purposes.

 Recently, in Spears et al. v. Houston, etc. Ins. Co., Tex.Civ.App., 215 S.W. 2d 896, writ of error denied by the Supreme Court, this Court, in effect, held that a legally-married daughter under 21 years of age was emancipated from all her disabilities of minority thereby; so that, the law in Texas now seems to be clearly declared to the effect that, with this exception of the lawfully-married female, and those of both sexes whose disabilities have by law been removed, minors are those under the age of 21 years. Black's Law Dictionary—1145 and 1190; 27 Words & Phrases, Perm.Ed., page 276; Jones v. Jones, 63 App.D.C. 373, 72 F.2d 829, 95 A.L.R. 355; 15 Tex.Jur., 685, Par. 175, 696, Par. 181; 31 Tex.Jur., 1301, Par. 27, 1318, Par. 46; 17 Amer.Jur. 533, Par. 701; Belstrom v. Belstrom, Tex.Civ.App., 144 S.W.2d 614; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Dallas Joint Stock Land Bank v. Dolan, Tex.Civ.App., 92 S.W.2d 1111; Dunbar v. Dunbar, 190 U.S. 340, 351, 23 S.Ct. 757, 47 L.Ed. 1084; Echols v. Echols, Tex.Civ.App., 168 S.W.2d 282; Ex parte Petterson, D.C., 166 F. 536, 546; Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Id., Tex.Civ.App., 184 S.W. 555; Hartman v. Hartman, Tex.Civ.App., 32 S.W.2d 233; Id., 135 Tex. 596, 138 S.W.2d 802; Hustace v. Black, Tex.Civ.App., 191 S.W.2d 82; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Maxwell v. Maxwell, Tex.Civ.App., 204 S.W.2d 32; McGarry v. Fisher, Tex.Civ.App., 183 S.W. 2d 1010; Simpson v. Clayton, Tex.Civ. App., 146 S.W.2d 504; Thomason v. McGeorge, Tex.Com.App., 285 S.W. 285, 288.

 This case is easily distinguishable from Boyle v. Tully, Tex.Civ.App., 134 S.W.2d 501, decided by this Court, so cited by the appellee. In appellants' petition here, it is specifically plead that defendant-appellee refused, upon request, to furnish his minor-child with the necessaries of life; further, that it was "because of the failure on the part of defendant to pay for the support, education, and maintenance of said child" that appellant, plaintiff Mrs. Chloe Morgan, "has necessarily expended" money for such support, education and maintenance of such child.

Wherefore, the step-father-Morgan, in this instance, wholly unlike Boyle in that cause, being in this suit of his wife pro forma only, having sought no recovery therein for himself, and never having voluntarily assumed any liability for the support of this minor, could not be held bound therefor, in substitution for the appellee.

These conclusions require a reversal of the appealed-from judgment, and a remanding of the cause for a trial upon the merits.

Reversed and remanded.