**Arlin DILGER, Appellant,**

v.

**Virginia T. DILGER, Appellee.**

No. 6171.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 1, 1951.

Rehearing Denied Nov. 5, 1951.

170

E. O. Northcutt, Amarillo, for appellant.

Aldridge & Aldridge, Farwell, for appellee.

LUMPKIN, Justice.

This action was filed in the District Court of Parmer County, Texas, by the appellee, Virginia T. Dilger, against her former husband the appellant, Arlin Dilger, for the recovery of monies expended by her for the support of the parties' two minor children. It appears that on May 9, 1947, the parties were granted a divorce by the District Court of Bent County, Colorado. The court awarded the appellee the sole custody and control of the two daughters, Gail Anne Dilger, aged 4 years, and Charlotte Kay Dilger, aged 2 years. Nothing was said in the decree relative to the support of these children.

The Parmer County case was tried to a jury. In answer to a single special issue the jury found that the appellee expended $3,600 from the date of the divorce, May 9, 1947, to June 21, 1950, the date the suit was filed for the recovery of the monies spent. The court rendered judgment in accordance with this verdict, and from this judgment the appellant has duly perfected this appeal.

The appellant insists that the appellee failed to plead and prove the reasonable value of the necessities furnished the children or that the supplies furnished were necessities.

Our courts have repeatedly held that there is a legal as well as a moral obligation resting on both parents to support and educate their children. This duty, however, rests primarily upon the father as the head of the family, and he is not released from this obligation because the custody of the children was given to the mother after a divorce was granted. Nor can he escape this duty even though the minor children are in the custody of other persons. Any person who has supplied necessities may sue and recover from the father the value of the supplies and services furnished his children, and this is true even though the person who furnished the supplies is the divorced mother. Cases of this nature are to be treated as ordinary actions for debt. 31 Tex.Jur., 1302, et seq.; Gully v. Gully, 111 Tex. 233, 231 S.W. 97; Hooten v. Hooten, Tex.Civ.App., 15 S.W. 2d 141; Bowyer v. Bowyer, Tex.Civ.App., 80 S.W.2d 475, affirmed 130 Tex. 257, 109 S.W.2d 741; Maxwell v. Maxwell, Tex. Civ.App., 204 S.W.2d 32, writ refused n. r. e.

In her original petition the appellee pleaded that she had furnished her daughters medical care, food, clothing, housing and "the necessities required for children of such tender age" at the reasonable cost of $100 per month. She alleged that other than $5 the appellant had failed to make any contribution to the support and maintenance of the children since the divorce decree had been granted.

The appellee testified that she had paid $65 a month for a house for the children to live in; that she had paid $3 a day for someone to care for the children while she worked; that the grocery bill averaged approximately $80 a month; that the milk bill amounted to about $15 a month; that she had paid doctor bills; and that the clothing for the children amounted to approximately $50 a year. She said she had paid for having the children's tonsils removed.

 It is a matter of common knowledge that it costs money to rear and educate children, and it is reasonably possible to ascertain the amount of these costs. Hemsell v. Summers, Tex.Civ.App., 138 S.W.2d 865. The appellee said that since the divorce she had spent $50 per month for the support of each child. More than thirty-seven months intervened from the date of the divorce to the date this suit was filed. The jury allowed the appellee $3,600. The appellee did not itemize what she had spent on the children's upkeep. Her testimony that the living costs of the children amounted to $100 a month is in the nature of a conclusion. A witness, however, may testify directly to a composite fact although in a sense his testimony may be the result of his conclusion from other facts. Texas Co. v. Andrade, Tex.Civ.App., 52 S.W.2d 1063.

██ The record reveals that the children in this case were no more than babies at the time of the divorce. Because the mother worked they were cared for by others most of the time. One of the children broke her arm, and in addition to living costs the appellee paid doctors' bills. Considering these facts, and the high cost of living which prevailed during those years, the jury probably believed that $50 per month for each child was neither an unreasonable nor an improper amount for the mother to pay for their care, maintenance and support. Chambers v. Apple, Tex.Civ.App., 94 S.W.2d 1206, dism; Gard v. Gard, Tex.Civ.App., 239 S.W.2d 410. Since, obviously, the mother was in possession of the information as to what was expended in the maintenance of each child (and this is not challenged), and had testified to some of the expenses, the court did not err in permitting her to testify that she had expended $50 per month for the upkeep of each child. Texas Co. v. Andrade, supra, 32 C.J.S., Evidence, § 503, p. 164.

As a defense to the appellee's cause of action, the appellant pleaded that prior to the divorce the parties entered into an agreement which was later incorporated in the decree. The appellant alleged that "in consideration of the defendant awarding and giving complete possession and ownership of a dry cleaning and pressing establishment known as Dilger's Modern Cleaners in the City of Las Animas, County of Bent, State of Colorado, together with all equipment and fixtures, together with all household furniture, the plaintiff assumed all obligations against said cleaning establishment and agreed to take the same in lieu of any and all claims of alimony or support * * *."

In the agreement the parties stipulated that the appellee would have the custody, control and care of the two minor children. The portion of the agreement pleaded by the appellant as a defense reads as follows: "The plaintiff is hereby given and awarded complete possession and ownership of a dry cleaning and pressing establishment known as Dilger's Modern Cleaners in the City of Las Animas, County of Bent, State of Colorado, together with all equipment and fixtures; provided, however, that the plaintiff herein shall assume and undertake all mortgages and obligations against said cleaning establishment. The plaintiff shall also have the furniture of the parties herein. Said furniture being located in a house located near the said dry cleaning and pressing establishment; said ownership of said dry cleaning establishment to be in lieu of any and all claims of alimony or support by plaintiff against said defendant."

The appellant contends that he was entitled to introduce the contract made between the parties at the time of the di-

vorce. If permitted by the court, the appellant would have testified that he agreed to let the appellee have the furniture and the cleaning plant if she would support the children. The record shows that he was allowed to introduce the stipulation, but it also reveals that he was not allowed to introduce evidence explaining or adding to the terms of the contract.

Our courts have held that where a contract is written in clear and unambiguous terms, it is the duty of the court to construe the instrument. The appellant did not plead that the agreement was ambiguous. In the absence of fraud, accident or mistake it is conclusively presumed that the parties to a contract were familiar with and understood its terms. This record reveals no evidence of fraud, accident or mistake. Under such circumstances the terms of the contract are to be given their ordinary and accepted meaning; and, therefore, special issues pertaining to the interpretation of its terms would be unnecessary. Since the evidence urged by the appellant sought to vary the terms of the agreement, it was properly excluded by the trial court. Southern Travelers' Ass'n v. Wright, Tex.Com.App., 34 S.W.2d 823; Owens v. Jackson, Tex.Civ.App., 35 S.W. 2d 186, error dismissed. In our opinion the trial court properly construed the agreement: although it provides that the appellee shall receive the dry cleaning establishment in lieu of all claims of alimony or support for herself against the appellant, nothing is said which would relieve the father of the duty to support his little children.

The third point of error urged by the appellant also relates to the introduction of the stipulation. When the appellant offered the stipulation the appellee contended that the instrument involves a question of law for the court to construe and not a question of fact for the jury to determine. At this point the court said:

"Well, I will permit the instrument to be introduced in evidence but the court is of the opinion that it doesn't relieve this defendant. That instrument there doesn't relieve this defendant of the support of his children."

After the appellant had objected to these remarks, the court instructed the jury:

"Gentlemen of the Jury: Don't consider what the court says; don't consider it if you heard it; I don't think you heard it, but if you did, just don't consider what I said about this * * *."

The court's prompt instruction corrected whatever error was contained in the remarks. Where injury is not shown, the appellate court will presume that the jury followed the court's instruction and did not consider the objectional statements in arriving at its verdict. Davis v. Hill, Tex. Com.App., 298 S.W. 526; Thornburg v. Manskey, Tex.Civ.App., 219 S.W.2d 720. The appellant has not shown wherein he suffered harm by reason of the court's remarks. 3B Tex.Jur. 674; Lammers v. Wolfertz, Tex.Civ.App., 164 S.W. 1102, writ ref. The court stated little more than the law, i. e., that the agreement did not relieve the appellant of his duty to support his minor children. The appellant contends that the court's remarks were upon the weight of the evidence introduced before the jury. The question before the jury was not whether the appellant was responsible for the support of his minor children, but the fact to be determined by the jury was what amount, if any, the appellee had expended for necessities in support of them.

We have carefully reviewed the record in this case. In our opinion it does not reveal reversible error. Therefore all of the appellant's points of error are overruled, and the judgment of the trial court is affirmed.