**DRESCHER v. MORGAN et al.**

No. 15339.

Court of Civil Appeals of Texas.
Fort Worth.

June 13, 1952.

Rehearing Denied Sept. 12, 1952.

H. J. Bernard, of Houston, for appellant.

Vinson, Elkins & Weems, and W. B. Browder, Jr., Houston, for appellees.

EARL P. HALL, Chief Justice.

This case has been before the appellate court prior to this appeal. See Morgan v. Drescher, Tex.Civ.App., 219 S.W.2d 488, writ ref., n. r. e.

Appellees, Mrs. Chloe Morgan et vir, Claude F. Morgan, sued appellant, Cliff E. Drescher, in a district court of Harris County, Texas, setting out in their fifth amended original petition for recovery of money alleged to have been properly expended for necessaries furnished by Mrs. Chloe Morgan to Sue Drescher, for the years between her age of sixteen and twenty-one, said child having been born to appellant and Mrs. Chloe Morgan when she was his wife.

Sue Drescher intervened in the case after she became twenty-one years of age, seeking judgment from appellant in the sum of $1500, principal of a trust fund which appellant was holding for her. This allegation had been brought forward in the former pleadings of her mother as next friend.

In answer to issues submitted, some of which are hereinafter discussed, the trial court rendered judgment in favor of appellees, Mrs. Chloe Morgan et vir, Claude F. Morgan, in the sum of $4,000, plus the legal rate of interest from date of judgment, 25th day of May, 1951, and the sum of $1263.47 to appellee, Sue Drescher, as the established trust fund.

Appellant presents seven points of error. We will discuss the sixth point, which is: "The error in entering judgment non obstante veredicto for an amount including the $2,000 expended from community funds

under assumption of liability for the child's support by Claude Morgan."

The jury found the following facts upon issues submitted: That appellee Mrs. Chloe Morgan expended upon Sue Drescher during the period involved the sum of $8,058, out of which $4,000 was expended in behalf of said Sue Drescher for reasonable and proper necessaries. That out of the $8,058 fund, supra, $2,000 was found to have been expended from the community estate of Chloe Morgan et vir.

Special issue No. 6 is as follows: "Do you find from a preponderance of the evidence that when such expenditures were made from the community estate, if you have found that any such were made, the plaintiff, Claude F. Morgan voluntarily assumed the liability for the support of the child, Sue Drescher, to such extent without expectation of reimbursement?" The jury's answer is: "We do."

It is readily seen that the jury was not called upon to find whether the $2,000 from the community estate was expended as nonessentials out of the $8,058 fund, or was expended for essentials. The trial court ignored the $2,000 finding and under the jury's answer to special issue No. 6, supra, we think it erred. The trial court determined a fact issue when it undertook to decide whether the $2,000 should be deducted from the $4,000 unnecessary expenditures. And this court would be finding facts if it undertook to decide from what fund the gifts in value of $2,000 should be deducted. The situation presented here is analogous to the one in the case of Leftwich v. Summers, Tex.Civ.App., 89 S.W.2d 1091, cited by appellant.

Appellees argue that judgment of the trial court for the sum of $4,000 should stand because it is the law that the father is primarily liable for necessaries furnished to his minor child, and cites for authority Gully v. Gully, Tex.Civ.App., 184 S.W. 555; 111 Tex. 233, 231 S.W. 97; Hartman v. Chumley, Tex.Civ.App., 266 S.W. 444; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Hooten v. Hooten, Tex.Civ.App., 15 S.W.2d 141; Chambers v. Apple, Tex.Civ.App., 94 S.W.

2d 1206; Maxwell v. Maxwell, Tex.Civ. App., 204 S.W.2d 32; and this case on a former appeal, supra. We agree that this is the general law in this state.

Appellant contends, as supported by holdings in the cases of Boyle v. Tully, Tex.Civ.App., 134 S.W.2d 500, and Franks v. Franks, Tex.Civ.App., 138 S.W.2d 1110, writ ref., that the trial court erred in not taking into consideration the $2,000 which the jury found appellees spent from their community estate during the time when the facts existed as found by the jury under special issue No. 6. These cases hold, in substance, that though the present husband is not bound in law to provide for the child of his wife by a former husband, nevertheless if he holds said child out to the world as a member of his family that he stands to said child in loco parentis, thereby incurring the same liability for said child's support and maintenance as if said child were his own. We find this to be good law also.

There is ample testimony to support the jury's finding of fact submitted to it under special issue No. 6. Appellee Claude F. Morgan admitted that he had held Sue Drescher out as his own daughter by claiming her as an exemption from his income tax returns, etc., naming therein Sue Drescher "as daughter." This issue of fact was evidently not determined against appellees, Mrs. Chloe Morgan and her husband, in the former trial, as amplified by the Galveston court.

Regardless of the above holdings in the Franks and Tully cases, the jury found appellees expended $2,000 on Sue Drescher for which they expected no reimbursement. Finding of the jury that appellees expected no remuneration for the $2,000 expenditures estopped them from claiming same from appellant, regardless of who was responsible for such expenditures in the beginning.

Appellant cites as error the trial court's admitting appellee Sue Drescher to intervene in the suit when she became twenty-one years of age in order that she might ask judgment for the trust fund involved in the place of her mother's suing for said

trust fund as next friend. We do not find that this is error. Appellant does not attack the amount of the judgment which was rendered against him in favor of appellee Sue Drescher in the sum of $1263.47, which he admits holding in trust for her. He testified that he was willing to pay said amount under judgment of a court. This part of the judgment is affirmed, under provisions of Rule 434, T.R.C.P. In all other respects the trial court's judgment is reversed and remanded.

Other issues raised in appellant's points may not arise on another trial and therefore we refrain from discussing them.

The costs of this appeal are taxed one-third against appellant and two-thirds against appellees.

Affirmed in part and reversed and remanded in part.