**W. A. MADDOX et al., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 7306.

Court of Civil Appeals of Texas.
Amarillo.
Nov. 18, 1963.

Rehearing Denied Dec. 16, 1963.

Clayton, Martin & Harris, Amarillo, for appellant.

Waggoner Carr, Atty. Gen., T. B. Wright, Leslie King and Wm. R. Hemphill, Asst. Attys. Gen., Austin, for appellee.

CHAPMAN, Justice.

The contention of reversible misconduct on the part of an assistant attorney general and the judge of the Potter County Court at Law in the trial of a condemnation case constitute the subject matter of this suit.

The property condemned was 65,510 square feet along Highway 287 in the City

of Amarillo to be used in the construction of Interstate 40, a controlled access highway having freeway lanes and outer frontage roads scheduled to traverse the City from east to west. The property is in the eastern part of the City. That taken is a narrow irregular shaped strip running approximately 662 feet along said highway taken from a larger tract owned by appellant, W. A. Maddox. Appellant Maddox and two lessees were defendants but only Dr. Maddox has appealed.

Included in or along the block of property of Dr. Maddox left after the taking was what was referred to by appellant throughout the trial as 20th Avenue or 20th Street, designated by the parties who subdivided the area, which apparently had never been used as a street and which was not paved or even graded.

Throughout much of the trial Mr. Hemphill, assistant attorney general, contended there was not any such street and that the probative evidence was insufficient in the record to show such a street. He had earlier in the testimony introduced as Plaintiffs' Exhibit One a map for the limited purpose of showing the schematic of Interstate 40 but not for the purpose of showing any platting of the City of Amarillo. That map taken as a whole showed 20th Street but the part showing it was not introduced.

This record contains 1,334 pages of testimony, all of which this writer has carefully read. The first place where the use of 20th Street seems to have been questioned was in the cross examination by appellant's counsel of the state engineer who prepared the schematic, and is as follows:

"Q. Now, you show on your map here 20th Avenue, are you familiar with that?

"A. No, sir.

"Q. You don't know that that actually is not open?

"A. I know it has been deeded.

"Q. I know, but we are talking about open. It is not open and never has been, isn't that a fact?"

There is also testimony in the record to the effect that a house Dr. Maddox was leasing to another person was partly on the designated 20th Street and that a Go-Kart asphalt race track of some sort he had also collected rent on was located on said street. Therefore, the contention of Mr. Hemphill that 20th Street had never been used as a street had basis in fact in the record and his contention in his brief to the effect that the record does not contain probative evidence of the existence of the street which the City refused to close as late as 1958 is not completely without basis in the record until the city secretary testified, beginning on page 1158. From the record then, we cannot say he did not have reasonable grounds as an attorney to question the existence of 20th Street during part of the testimony, though the record does show he continued to do so long after the court ruled he could not question it.

The contention made by appellant is that the attorney committed reversible error in regard to his position on 20th Street during the trial because the property left after taking was insufficient for effective use because of its lack of depth due to 20th Street. There is testimony in the record that he also owned property abutting 20th Street on the south. Though we cannot condone the attorney's refusal to abide by the court's ruling and his insistence in questioning the existence of the street, we do not believe reversible error is shown.

In the first place we believe the jury would have been more inclined to be prejudiced against the attorney because of his insistence despite the court's ruling. Additionally, the recovery allowed was well within the range of the testimony of the appraisers. Though appellant and his witnesses testified the property was worth more than the jury allowed, Mr. Elliot, appellee's qualified appraiser witness testified to the contrary. The jury allowed $67,510

for the property taken, more than a dollar a square foot, whereas appellant had paid approximately eleven cents a square foot in 1957 after it had become known where Interstate 40 had been located. Mr. Elliot testified the land for which the jury allowed $67,510 was worth only $54,835 with the improvements and $43,237 without the improvements, or 66¢ a square foot. He also testified the remainder left after the taking would be equally as valuable as it was before the taking. There was considerable testimony by other witnesses to the effect that property adjoining the highway would be more valuable than that not contiguous thereto. The remainder after the taking had frontage on the highway for its full length.

Thus, we have conflicts in the testimony as to the value of the property taken and as to the value after the taking.

■■ Since reconciling conflicts in the testimony of witnesses is peculiarly within the province of the jury, Missouri-Kansas-Texas R. Co. of Texas v. McKinney, Tex. Civ.App., 126 S.W.2d 789, affirmed 136 Tex. 75, 145 S.W.2d 1081; Beeman v. Georgia Casualty Co., 41 S.W.2d 39 (Com.App.); Hodde v. Malone Real Estate Co., Tex.Civ. App., 196 S.W. 347 (writ refused), and since the amount awarded exceeds more than $24,000 the amount testified to by one of the qualified expert appraisers, we cannot say the conduct of Mr. Hemphill prejudiced the jury.

■ We have no authority to reverse a case because of misconduct of an attorney unless the record shows such misconduct resulted in harm to the complaining party. From this record we cannot say that it did.

■ There certainly could not be any reversible error on the part of the trial judge in connection with the conduct of the assistant attorney general because he consistently held with the appellant on the question.

Likewise, there is no error in the answer of the jury to the effect that the 100,779 square feet of land left after the taking was increased in value by $10,077.90.

■ In the first place the court rendered judgment for the State only for the amount assessed as damages for the property taken. Furthermore, the jury had the right to take into consideration the fact that the remainder would be contiguous to the new highway and thus more valuable as a result. There was evidence to support the increase of value for such reason.

Appellant next asserts reversible error on the part of the trial judge in commenting on his ruling made to an objection.

■ Mr. Ochsner, attorney for a lessee on appellant's property, was questioning one of appellant's witnesses when Mr. Hemphill objected to his asking a leading question. Mr. Clayton, attorney for appellant, made the observation that the witness was his and Mr. Ochsner had a right to lead an adverse witness. The court then stated:

"THE COURT: Now, just a minute. Let the record show that counsel for Mr. Nicholson and counsel for Mr. Maddox, together with Mr. Maddox, have been conferring during the course of the trial, and I don't see any very great conflict there. That is the reason I am ruling like I am."

Of course, what the court was saying was that the witness, Mr. Hodge, did not appear to be an adverse witness to Mr. Ochsner's client and that those two attorneys had been conferring with each other and with Mr. Maddox during the trial.

Appellant objected to the statement of the court as being on the weight of the evidence and as being highly prejudicial and damaging.

The court then instructed the jury as follows:

"THE COURT: Ladies and gentlemen, I, perhaps should have been still listening instead of talking when I made that statement, and I will with-

draw it. I don't mean to comment on the weight of the evidence or anything of that kind, but I was just—I shouldn't have said what I said, and disregard it altogether. That is, as to counsel for Mr. Nicholson and counsel for Mr. Maddox conferring with each other and with Mr. Maddox during the course of the trial. It has no bearing whatever on the matter, and they have got a right to confer with each other. There is nothing improper about it. I don't mean to censure them in anyway for doing so, and you will please disregard, altogether, the statement I made."

We find no reversible error in this point.

In the first place it is obvious from the record that Mr. Hodge was not an adverse witness to Mr. Ochsner's client in the testimony he gave. Secondly, if the attorneys had been conferring with each other and with Dr. Maddox in the courtroom it would have been obvious to the jury and the court would not have been saying something they did not know. Thirdly, if the comment by the court was error it was harmless after the instruction of the court to the jury not to consider it.

Rule 434, Vernon's Ann.Tex.Civ.St., Rules of Civil Procedure, provides no judgment shall be reversed on appeal in any case on the ground that the trial court has committed an error of law unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably would cause the rendition of an improper judgment. We are not of such opinion.

█ Our court has held that where a judge promptly instructs the jury not to consider remarks he has made and no injury is shown, the appellate court will presume that the jury followed the court's instruction and did not consider the objectionable statements in arriving at its ver-dict. Dilger v. Dilger, Tex.Civ.App., 271 S.W.2d 169.

In passing upon the question of error in jury argument, our Supreme Court has said "* * * we are unwilling to accede to the proposition that the juries pay little or no attention to the instructions of trial judges." Younger Bros. Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546. That statement by the Supreme Court would be applicable in this case, though the judge had made the statements to which objections were lodged and not an attorney in jury argument.

Finding no reversible error, the judgment of the trial court is in all things affirmed.