## HOOTEN v. HOOTEN. (No. 3591.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 21, 1929.

Rehearing Denied March 14, 1929.

Dial & Brim, of Sulphur Springs, for appellant.

R. D. Allen, of Sulphur Springs, for appellee.

HODGES, J. The appellant and the appellee were formerly husband and wife. They were divorced in a suit brought by the wife some time during the year 1926. At the time of the divorce they had two children, both minors; one a girl, then about 17 years of age; the other a boy about 14 years of age. It appears that in the divorce decree no provision was made for the custody of the children or for their maintenance and support. By agreement, apparently, the children remained with their mother. This suit was

filed by the appellee, Mrs. Hooten, against her former husband, as the next friend of her two minor children. The following excerpt from the amended original petition shows the nature of the suit and the purpose for which it was instituted:

"Alice Hooten, dismissing in this cause, upon demurrer of defendant, her suit, without prejudice, wherein she sues in her own behalf, here amends, after leave of the Court being granted, the original petition, filed herein on the 10th day of August, 1927, and here prepares and files the First Amended Original Petition, and so amending says:

"That she, Alice Hooten, resides in Hopkins County, Texas, and brings this suit as the next friend of her two minor children, Jewell Hooten, a girl, eighteen years of age on the 25th day of July, 1927; and Dennis Hooten, a boy, who was fifteen years of age on the 22nd day of November, 1926, plaintiffs, against J. A. Hooten, defendant; all of the above named parties residing in Hopkins County, Texas, said minors residing with their said mother.

"That said above named minors are the children of plaintiff as next friend and defendant, who were divorced from the bonds of matrimony by the District Court of Hopkins County, Texas, on the 25th day of August, 1926, cause No. 7326, Alice Hooten-vs-J. A. Hooten, wherein it was agreed that said Dennis Hooten remain in the custody of said mother, Alice Hooten, plaintiff as next friend herein; the custody of said minor Jewell Hooten not being provided for in such divorce proceedings, but also remained in the custody of her mother, Alice Hooten, till the present time; and this suit is brought to recover expenditures in maintenance and education, care and comfort of such minors from said 25th day of August, 1926, to the filing of this suit on the 10th day of August, 1927; and for the recovery of a reasonable amount reasonably necessary, considering the condition and station in life of all the parties herein, for such maintenance, education, care and protection of such minors from the said time of the bringing of this suit up to their majority age; for all which said defendant in law is liable."

The petitioner then alleges that the children have no income of their own, and that she, their mother, has an income sufficient only for her own support. She then proceeds to list in detail a number of articles classed as necessaries which had been furnished the children by relatives and herself since the divorce was granted, aggregating in value the sum of $752.17. She specifies the amount of money that will be required in the future for the support and education of the children during their minority; that amount is placed at $————. The petitioner also alleges that the defendant owns a large amount of valuable real estate from which he derives an annual income, and is amply able to provide for the support and maintenance of the children. The petition then concludes:

"And this next friend further alleges and asks, under all the pleadings in this case, that this court declare a lien upon all the property of the defendant, especially upon the real estate, to secure the payment of any judgment that might be rendered herein; and, under all such facts herein, that the defendant be enjoined from selling any of the above described property of every kind until his obligation under the law is satisfied towards his said minor children.

"This next friend further represents to the court that in order to enforce the rights of these minors she was compelled to employ an attorney to represent them in this cause and is entitled to a fee of two hundred and fifty dollars, which is fair and reasonable, or some other sum, more or less, as the Court may determine to be reasonable.

"Wherefore this next friend prays the Court, the defendant having heretofore answered herein, that upon final hearing hereof this Court render judgment for the sums of money herein pleaded for the maintenance and education of such minors, or such sum, more or less, as this Court may deem adequate for such purpose; and that a lien be declared upon all the property of the defendant to secure the payment and enforcement of any judgment that may be rendered herein; and that he be enjoined from selling or, in any manner, disposing of any of the above mentioned property pending this cause and until his obligation, under the law, is fully discharged towards such minors; and all and every order and writ of this Court necessary, proper or required for the government and disposition of the persons and rights of minors as provided and contemplated by the Constitution and laws of Texas; and for all and every relief known to law or equity, or discoverable therein; for said attorney's fees and all costs of this Court, and execution wherever necessary."

The appellant answered by general demurrer and special exceptions and a general denial. He also insisted that the court had no jurisdiction to grant the relief prayed for in appellee's petition.

A jury was waived, and the case was submitted to the court, who rendered a judgment granting, in part, the relief prayed for. In the judgment entered the court recites the following findings: That the children are of the ages of 16 and 18 years, respectively; that they had been living with their mother, without an order of the court to that effect, since the divorce of their parents; that they have no property or income of any kind, but are being supported by their mother; that they are attending school, and are mentally and physically competent to receive an education; that Dennis Hooten,

the boy, was afflicted in early life with infantile paralysis, and is now in such condition that he cannot walk, and required the constant care of some attendant. He further finds that the defendant has adequate means and is financially able to contribute the sum of $50 per month for the support, maintenance, and education of the children. The court then entered a personal judgment against the appellant for the sum of $357, the amount expended before the trial for the support and maintenance of the children since the divorce was granted, and made that debt a lien against all of the property of the defendant, except the property he was then occupying as a home. He then ordered:

"That Jewell Hooten and Dennis Hooten, minors, by and through their next friend herein and mother, Alice Hooten, do have and recover of and from the defendant J. A. Hooten, for the sole use of such minors, the sum of Fifty ($50.00) Dollars per month, in advance, for the support, education and maintenance of such minors; twenty ($20.00) dollars of such allowance allotted to Jewell Hooten, and thirty ($30.00) dollars per month apportioned to Dennis Hooten; together with the sum of $357.00 for past expenditures for such maintenance and education of such minors from the date of divorce to the filing of this suit; and that said money for said monthly maintenance and education be delivered to said next friend for the purposes herein decreed, upon her executing a good and solvent bond, with two or more sureties, to be approved by this court, in the sum of $2,500.-00, payable to the county judge of Hopkins County."

The judgment further provided that, in order to secure the payment of the above-stated amounts, a lien should exist upon all the real estate, rents and revenues and personal property belonging to the defendant, except the house and lot occupied by him as a residence.

There are two propositions urged in this appeal, which we think present the controlling questions. One is that the court had no authority, in a suit of this character, to render a personal judgment against the appellant, the father of the children, for monthly allowances for the future support of the minors. The other is that the pleadings did not authorize the judgment for any amount for past expenditures made for the support of the children.

■■■ It is now the settled law of this state that the primary duty of supporting minor children rests upon the father, both before and after the divorce of the parents. Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564, and cases there cited. It has also been definitely decided that the district court has authority, both in a divorce proceeding and after the decree of divorce has been granted, to make proper provision for the support of the minor children from the property of the father. Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21; Hughes v. Hughes (Tex. Civ. App.) 259 S. W. 180; Bemus v. Bemus, 63 Tex. Civ. App. 148, 133 S. W. 503. However, in the exercise of that power, the court cannot render a personal judgment against the father for a specific sum to be paid periodically in the future, but may fix a reasonable allowance to be paid periodically, and make the payment of such allowance a charge against the rents and revenues of property belonging to the father. Gully v. Gully (Tex. Civ. App.) 173 S. W. 1178; Sneed v. Sneed (Tex. Civ. App.) 296 S. W. 643, and cases cited. To accomplish that end the court may designate specific property and place it in the hands of a trustee to be used for the support and maintenance of the children during their minority. Fitts v. Fitts, 14 Tex. 443; Trimble v. Trimble, 15 Tex. 18; Simons v. Simons, 23 Tex. 344; Young v. Young (Tex. Civ. App.) 23 S. W. 83; Rice v. Rice, 21 Tex. 58; Bemus v. Bemus, and Hedtke v. Hedtke, supra. It seems that allowances for the future support of minor children which the court may make in suits of this character should be made a charge against the property of the father, and not a personal liability. If the father of dependent children has no property, no suit can be maintained to require him to support them. His personal liability is limited to the value of necessaries which others may have previously furnished because of his failure to make proper provision for the children. His duty to make provision for the future needs of his children is a moral obligation; his legal liability for a debt does not arise till the debt has been created by the act of some third person doing for his children what the father should have done but has failed to do.

■■■ In this case we think the trial court erred in making the allowances for the future support of the children the personal obligation of the appellant, and a lien against his property. The proper course, under the facts of this case, would be to place a certain portion of the property of the appellant in the hands of a trustee, with directions that such part of the rents and revenues derived therefrom as may be necessary shall be used for the support of the children during their minority. The facts before us justify the court in making such a provision.

■■■ Any person, even the divorced wife, who has supplied minor children with necessaries, may sue and recover from the father the value of the necessaries so furnished. Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564. But the children to whom such supplies have been furnished have no right to sue their father to secure reimbursement to other people. The right of action lies with the party who has supplied the necessaries, not with the children to whom

the necessaries have been furnished. Under the facts of this case it may be that both Mrs. Hooten and the relatives who supplied the needs of the children have a right of action against appellant for reimbursement. This is not a suit by Mrs. Hooten in her own right, but as next friend for her children. Whatever judgment is awarded is for the benefit of the children, and not for her personally. For that reason, her pleadings are insufficient to support a judgment for any amount for the past expenditures.

We think it proper to reverse and remand this case for the purpose of having it disposed of in the manner suggested.

Reversed and remanded.