## BOWYER v. BOWYER.
### No. 1391.

Court of Civil Appeals of Texas. Eastland.
Feb. 15, 1935.

Rehearing Denied March 15, 1935.

M. V. Brooks and Stinson, Hair, Brooks & Duke, all of Abilene, for plaintiff in error.

Smith & Eplen, of Abilene, for defendant in error.

HICKMAN, Chief Justice.

■ On July 23, 1923, defendant in error, Jenny V. Bowyer, was granted a divorce from plaintiff in error, Courtney Berry Bowyer, in the district court of Taylor county, Forty-Second judicial district. The judgment awarded the custody of their minor daughter, Jean Melville Bowyer, to the mother. In September, 1933, Mrs. Bowyer instituted this suit in the court which had theretofore rendered the divorce decree, seeking recovery in two capacities, and upon two causes of action, which will be considered separately.

In the first place, she sought recovery in her own right against her former husband of $600 to reimburse her for expenditures made by her during the two-year period next preceding the filing of the suit for necessaries for the minor's support and education. On that cause of action she was awarded judgment for $240. Without an extended discussion, that portion of the judgment will be affirmed. Since the decision by our Supreme Court in the case of Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564, it cannot be questioned that any person, including his divorced wife, has a cause of action against the father of a minor for the value of the necessaries furnished by such person to the minor. The facts well support the recovery of $240.

■ The other cause of action asserted presents a different question. As next friend of her minor daughter, Mrs. Bowyer was awarded a decree, in accordance with her pleading, fixing the sum of $20 per month as the reasonable expense for the future support of the minor. Esco Walter was appointed trustee to receive, take care of, and collect that sum per month from any and all revenues of every character that might be derived from three particular tracts of land described in the decree, said land being the separate estate of plaintiff in error inherited by him from his mother shortly before the present suit was instituted; any and all revenues derived, and to be derived, from said real estate were declared to stand charged with a lien in favor of the trustee for the use and benefit of the minor to the extent of $20 per month. The trustee was ordered and authorized to take any and all legal actions necessary against all persons whomsoever in order to collect the said monthly sum. The decree authorized the father to continue in possession and management of the property so long as he might pay to the trustee in advance each month the sum of $20, but it was provided that, if he failed to make these payments in advance, the trustee was authorized to assume full control and management of all, or so much of said property as might be necessary for the purpose of collecting that sum periodically. It was further decreed that any amount so collected monthly by the trustee, over and above the sum of $20, should be paid to the father. The decree recited that, it appearing to the court that the property was not producing any cash revenue at the time of the trial, the trustee was authorized to take such steps as might be reasonably necessary in order to rent or otherwise cause said property to produce rents and revenues. The bond of the trustee was fixed in the sum of $250, conditioned upon his faithful performance of his duties. The final paragraph of the decree was in this language: "Said first monthly payment herein provided for is declared to be due February 1, 1934, for said month of February. And it appearing that this suit was filed on September 20, 1933, and that the defendant has been prohibited by law from disposing of any interest in said property since said date, the charge and lien hereby created

is declared to exist as against all persons heretofore purchasing any interest in said property since said date, or that may purchase any interest therein hereafter. It is expressly declared that this order shall in no wise be construed as having attempted to divert the legal title to any of said property out of the defendant Courtney Berry Bowyer to any extent whatever. And this order shall remain in full force and effect until modified or rescinded by the court, not to exceed the time when said minor shall become twenty-one years of age. All costs in this cause shall be adjudged against said defendant. For which let execution issue as permitted and as provided by law."

A decree of this general nature is authorized by the opinion in the case of Hooten v. Hooten (Tex. Civ. App.) 15 S.W.(2d) 141, and seems to be recognized as proper in this state in 15 Tex. Jur. pp. 690, 691, § 178. But that a court is not authorized to grant such relief in an action brought for the benefit of the children independently of the divorce decree was settled by our Supreme Court in Cunningham v. Cunningham, 120 Tex. 491, 40 S. W.(2d) 46, 51, 75 A. L. R. 1305. In the opinion of the Court of Civil Appeals at Fort Worth in that case, 299 S. W. 483, the course of procedure later adopted by the Texarkana court in Hooten v. Hooten, supra, and followed by the trial court in the instant case, was outlined. The trial court had sustained a general demurrer to a petition, and, while the Fort Worth court held that the wife was not entitled to the specific relief asked, namely, a personal judgment against her husband for the benefit of their minor children, payable in a specified amount per month in the future, yet it pointed out that the facts were fully pleaded and that the prayer was for general relief. Under the facts pleaded it was held that the suggested relief could be administered under the prayer for general relief. The Supreme Court recognized that there was presented to it for determination a question of grave importance as to what relief, if any, the trial court could rightly award those minors on the facts alleged.' After a careful analysis of all the applicable statutes and the decisions of this and other states, it announced its conclusion in this language: "While we have no doubt of the power of the Legislature to so amend our statutes as to empower the courts to decree and compel the payment of allowances for the support of dependent minors as against a parent, either in divorce proceedings or independent of divorce proceedings, yet we are compelled under the existing stat-

utes to deny such relief, when not sought in a divorce suit, pending final judgment."

Accordingly, the judgment of the Court of Civil Appeals was reversed and that of the trial court, sustaining a general demurrer, was affirmed. Defendant in error construes that opinion as holding that the petition was subject to a general demurrer merely because the specific relief prayed for, namely, a personal judgment against the husband, was not available. We do not so interpret it. The Supreme Court in its opinion did not question the sufficiency of the facts alleged in the petition to authorize the relief suggested by the Court of Civil Appeals, in the event the court was empowered to grant such relief. That court, on the contrary, expressly determined the question of whether any relief could be awarded minors on the facts alleged. From that opinion we again quote: "Having granted a writ of error, the Supreme Court is required to determine the question of grave importance as to what relief, if any, the trial court could rightly award these minors, *on the facts alleged.*" (Italics ours.)

Neither do we agree with counsel for defendant in error in their interpretation of the opinion of the Supreme Court, 120 Tex. 538, 40 S.W.(2d) 52, in affirming the Hooten Case. It is a short opinion and we quote it in full, as follows: "The plaintiff in error presents the same questions we have determined adversely to her contentions in an opinion this day filed, John Cunningham v. Rozelle Cunningham et al. [120 Tex. 491] 40 S.W.(2d) 46 [75 A. L. R. 1305]. In accordance with the conclusions in that opinion, the judgment of the Court of Civil Appeals should be, and is, affirmed."

The plaintiff in error in the Supreme Court was Mrs. Hooten. The Court of Civil Appeals had held that, as next friend for her minor children, she was not authorized to recover a personal judgment in their behalf against her divorced husband for the value of necessaries furnished by her to them; that she might have maintained that suit in her own right, but the children had no cause of action therefor. That court had also held, contrary to her contention, that she had no cause of action in that capacity, or otherwise, against her former husband for a personal judgment for future support of the children. These must have been the holdings of the court which she assigned as errors in the Supreme Court. Bearing these facts in mind, the effect to be given the opinion of the Supreme Court becomes obvious. Neither of these contentions could be upheld under its

opinion in Cunningham v. Cunningham. In affirming the judgment of the Court of Civil Appeals, and remanding the cause for trial to the lower court, the Supreme Court did not thereby direct the trial court to retry the case in accordance with the procedure suggested by the Court of Civil Appeals, but, on the contrary, affirmed that judgment "in accordance with the conclusions" in its opinion in Cunningham v. Cunningham. The conclusions there announced were directly contrary to the procedure suggested by the Court of Civil Appeals in the Hooten Case.

It is our order that the judgment of the trial court in so far as it awarded to Mrs. Bowyer individually a recovery against her former husband of $240 to reimburse her for expenditures for necessaries for their minor child be affirmed, and that in all other respects the judgment of that court be reversed and here rendered that she take nothing.

Affirmed in part, and reversed and rendered in part.