### GARZA et al. v. GARZA et al.

### No. 2640.

Court of Civil Appeals of Texas. Eastland.

March 26, 1948.

Palmer & Lemons, of San Antonio, and Alfred M. Scott, of Austin, for appellants.

Brown & Scarborough, of Corpus Christi, for appellees.

LONG, Justice.

This suit was instituted by Gilberto, Elida, Erasmo and Raul G. Garza against their father, Ernesto Garza and his present wife, Audelia L. Gonzalez Garza, to recover compensatory and punitive damages on account of the alleged enticement and alienation of the affection of their father by Audelia Gonzalez Garza and the alleged resulting loss by them of his financial support and maintenance and of the protection and society of their father. Gilberto, Elida, and Erasmo being minors, brought suit by and through their mother, Martina Garza, as next friend. Raul being twenty-two years of age, maintained the suit in his own right. Upon a trial before the court without the aid of a jury, judgment was rendered in favor of the plaintiffs against Ernesto and Audelia jointly for $1,500.00 as compensatory damages and for $5,000.00 punitive damages against Audelia only. From this judgment both Ernesto and Audelia have appealed.

The trial court filed findings of fact and conclusions of law as follows:

"1. The Court finds that on or about the 15th day of August 1934, and during the year 1934 and thereafter, the defendant Ernesto Garza was a married man and was the husband of Martina Garza, and remained as such until on or about the 25th day of July A.D. 1945, when and at such time he was divorced in the 117th District court by a Special Judge. That anterior to his divorce and over a period of years the said Ernesto Garza kept company with a married woman, the co-defendant in this suit, Audelia L. Gonzalez. The court finds that the said Audelia L. Gonzalez was a

married woman and that her husband did not die until June 1945.

"2. The court further finds that Audelia L. Gonzalez, Audelia L. Saenz, and Audelia L. Saenz Gonzalez Garza are one and the same person; that the aforesaid Audelia L. Gonzalez Saenz Garza is the present wife of Ernesto Garza; and that Audelia L. Saenz and Ernesto Garza were married at Alice, Jim Wells County, Texas, in October 1945.

"3. The court further finds from the preponderance of the evidence produced, both by plaintiffs and defendants, that defendant Audelia L. Saenz Gonzalez Garza did entice Ernesto Garza away from plaintiffs (his children) and alienate his affections as alleged in Plaintiffs Second Amended Petition.)

"4. The court finds that Gilberto Garza, age nineteen (19), Elida Garza, age fifteen (15) and Erasmo Garza age twelve (12) are minor children born of the marriage of Ernesto Garza and Martina Garza and that Raul Garza age twenty-two (22) is likewise a child born of the marriage.

"5. The court finds from the preponderance of the evidence produced, both by plaintiffs and defendants that Ernesto Garza does not contribute to the support and maintenance of his minor children and makes infrequent visits to said children.

"6. The court finds that cause of action arose during the minority of Raul Garza and that a period of three years has not elapsed since attaining his majority, and/or becoming twenty-one years of age.

"7. The court further finds from the preponderance of the evidence produced, both by plaintiffs and defendants, that the defendants Audelia L. Saenz Gonzalez Garza did cause Ernesto Garza to desert his wife and children, and that Ernesto Garza did abandon his wife and children.

"8. The court finds that Gilberto Garza was forced to forego his high school work and abandon same for a period of two years, that he was delayed in graduating from high school; that he was forced to work in a store to assist his mother, while the older brother Raul was in the Army.

"9. The Court finds that Raul Garza was forced to leave school and work at the age of twelve to assist his mother and family in earning a livelihood.

"10. The court finds from the preponderance of the evidence that Ernesto Garza delivered and furnished groceries to the Defendant Audelia Gonzalez over a long period of time; that legal tender was never seen to have passed over the counter at the Garza store, for payment of same.

Conclusions of Law

"The court concludes, as a matter of law that the minor children are entitled to shelter, food, clothing, and schooling, which is statutory; and in equity and good conscience, to the social moral support, guidance and protection of their father, though they in turn can contribute only companionship and the inspiration which comes from their association in the family circle. Under the maxim 'ubi jud ibi remedium' (Where there is a right, there is a remedy), the court concludes as a matter of law that the plaintiffs are entitled to redress from their father as well as from the co-defendant Audelia L. Saenz Gonzalez Garza, and these rights are financial in character and are divided into two groups:

"(a) The right to recover for injuries which arise from their right to support and maintenance from their parent.

"(b) The right to recover for injuries to feelings and damages which arise from their rights to the comfort, protection and the society of their father.

"1. The court concludes, as a matter of law, that Gilberto Garza, Elida Garza and Erasmo Garza, who sued through Martina Garza, their mother as next friend, joined by their brother Raul Garza, an adult age twenty-two (22), plaintiffs, are entitled to recover, jointly of and from, the defendants Ernesto Garza and Audelia L. Saenz Gonzalez Garza, jointly, for injuries to feelings in the amount and sum of fifteen hundred dollars ($1,500.00) compensatory damages with interest thereon at the rate of six (6%) per annum, in that the aforesaid Audelia L. Saenz Gonzalez Garza, did commit a tort in that she has invaded and taken from said children the support and

maintenance of their father and did entice him to leave them, thereby depriving them of their rights to the comfort, the protection and the society of their father, the social and moral support, and the support and maintenance of a father.

"2. The court concludes as a matter of law that Gilberto Garza, Elida Garza and Erasmo Garza, who sued through Martina Garza, their mother as Next Friend, joined by their brother, Raul Garza, an adult age twenty-two (22), plaintiffs are entitled to recover jointly, of and from Audelia L. Sanez Gonzalez Garza, punitory damages in the amount and sum of five thousand dollars ($5,000.00), with interest thereon at the rate of six percent per annum, for injuries which arise by reason of the destruction of other rights which arise out of the family relationship and which have been destroyed or defeated by Audelia L. Saenz Gonzalez Garza as a wrongdoing third party, in that the said Audelia L. Saenz Gonlalez Garza did cause Ernesto Garza to abandon his wife and children to struggle with the task of making a livelihood, thereby taking from said children the support and maintenance of a father.

"3. In conclusion, without going in further into the matter, I find that"a child today has a right enforceable in a court of law, in equity and good conscience against one who has invaded and taken from said child the support and maintenance of its father, as well as damages for the destruction of other rights which arise out of the family relationship and which have been destroyed or defeated by a wrongdoing third party." I base this on the law of God which has been recognized by civilized man since the dark ages and also on the common law that prevails in Texas whereby statutory law has not changed or absorbed the common law.

"I am persuaded that"because such rights have not heretofore been invoked, is not a conclusive and valid reason for denying them." I feel that I am free to take the course that sound judgment and good conscience demands. In the absence of a Texas Court ruling my duty is clear, and in obedience to my conscience, I am prone to decide, not avoid, the issue.

"The law universally recognized the fact that when a child reaches the place it has earning power, the parent under the law of the land, has a right to enjoy its earnings until it reaches majority. Can a court in good conscience say that the child is not entitled to the love, companionship, guidance, support and maintenance, until it reaches its majority? I hold that as a matter of law that it is a two-sided moral and legal obligation, enforceable in law.

"If no precedents be found, courts can hardly be advisedly called radical if they indulge in lawmaking by decisions, or in a work, engage in judicial empiricism."

 Martina Garza, the mother of plaintiffs, obtained a divorce from the defendant, Ernesto Garza on the 25th day of July, 1945. The judgment for divorce awarded the custody of the children to Martina Garza and approved a property settlement between the parties. Martina Garza, under the terms of the agreement, approved by the trial court, agreed to support the minor children in consideration of receiving substantially more than one-half of the community property. There is no showing in this record that the plaintiffs have not been amply supported and maintained by their mother or that the property awarded Martina Garza under the divorce decree was inadequate for such purposes. Under Art. 4639a, Vernon's Civil Statutes, it is the duty of the trial court when granting a divorce, to make such orders as may be necessary for the support and maintenance of the children of the parties. At any future date in the same proceedings, if the amount fixed for the support and maintenance of the children is inadequate, the trial court has the authority to alter and change such amounts as in his discretion might be necessary. If the property awarded to Martina Garza was not sufficient to adequately support the minor children, she could have applied to the court where the divorce was granted, for an order fixing an adequate amount for their support and maintenance. But under our law, the children cannot maintain an action against their father for support and maintenance. The mother or any third person who has furnished necessaries for minor children

may maintain an action against the father to recover payment therefor. Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Bowyer v. Bowyer, Tex. Civ.App., 80 S.W.2d 475; Hooten v. Hooten, Tex.Civ.App., 15 S.W.2d 141; Ex Parte Roberts, 139 Tex. 644, 165 S.W.2d 83.

■ The plaintiffs had no cause of action against their father for the loss of his society, love, companionship and guidance.

"It is well established that a minor child cannot sue his parent for a tort. The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interest of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." 20 R.C.L. page 631.

Although the plaintiffs are not suing for personal injuries, certainly if they could not recover for tort committed against them by their father, they could not recover for the loss of his society, etc. We are of the opinion that the court erred in rendering judgment against the defendant Ernesto Garza.

We next come to consider the question as to whether the children can maintain an action against Audelia Gonzalez Garza for enticing their father from his home and causing him to abandon his children. This is a case of first impression in Texas so far as we have been able to determine. This question has never been before any of the appellate courts in this State. Therefore, it has become necessary for us to resort to cases from other jurisdictions in an effort to determine this question. An interesting discussion of the question may be found in 162 A.L.R. page 824. Appellee cites the case of Daily v. Parker by the Circuit Court of Appeals of the Seventh Circuit, 152 F.2d 174, 162 A.L.R. 819. In that case, four minor children brought suit against a married woman who allegedly had enticed their father to leave them and to go to another state to live with her. The father thereafter refused to contribute

to their maintenance and support. The court held that a child has a right, enforceable in a court of law, against one who has invaded and taken from the child the support and maintenance of its father, as well as damages for the destruction of other rights which arise out of the family relationship. Also see Johnson et al. v. Luhman, 330 Ill.App. 598, 71 N.E.2d 810.

■ In the case of Morrow v. Yannantuono by the Supreme Court of New York, 152 Misc. 134, 273 N.Y.S. 912, 914, plaintiff filed suit alleging that the defendant had deprived him of his mother's affection, comfort and motherly love which he was, as an infant, entitled to. That he had suffered distress of body and mind, etc. The Supreme Court of New York dismissed the complaint and held that no cause of action was stated, mainly for the reason that loss of consortium can only be claimed as a cause of action by either husband or wife, and that to allow this action would open the courts to a flood of litigation, since under plaintiff's theory, all his brothers and sisters and all other members of the family would have a cause of action, as would in fact "everyone whose cheek is tinged by the blush of shame." We are inclined to the view expressed by the New York Supreme Court in the above case. It is our considered opinion that children in this State do not have and cannot maintain a cause of action against a person for enticing or causing their father to leave them. We recognize the right of a child to expect from its father support, maintenance, love, care, affection and counsel. The law of Texas has provided a way in which support and maintenance can be obtained from the father for a child. But under our law, there is no provision to make one respond in damages to children for alienation of the affection of the father. Counsel for the plaintiffs urges this court to engage in "judicial empiricism". We feel that we are not authorized to do so. As said by the court in Gowin v. Gowin, Tex.Civ.App., 264 S.W. 529, 538:

"The 'excelsior cry for a better system,' in order to keep step with the new conditions and spirit of a more progressive age, must be made to the Legislature, rather

than to the courts, whose only province is to enforce the law as they find it."

(There is another reason why the plaintiffs cannot recover in this case. The evidence is insufficient to support a finding that Audelia Ganzalez Garza enticed and caused Ernesto Garza to abandon his children. Briefly stated, the facts show that Ernesto and his first wife, Martina Garza, operated a grocery store for many years in the city of Corpus Christi. Audelia Gonzalez lived a few blocks from the store and was a customer there. It is shown that on some occasions, she would come to the store and purchase her groceries and there is no showing that she ever paid for any of the groceries. On the other hand, there is no showing that she did not pay for such groceries. On some occasions, she would send a list of the merchandise that she needed by her brother to the store and Ernesto would take the groceries to her home. On some of these trips he would be accompanied by one of his boys who would stay on the outside of the house while Ernesto delivered the groceries. There is no showing as to the length of time he would remain in the house. On some two or three occasions, Ernesto and Audelia were seen riding in the same car. On one of these occasions, they were riding in a car at night on a country road. On one occasion, she was seen standing by the side of Ernesto's car with her foot on the running board, talking to him.

Ernesto left his family a few months before the granting of the divorce, but it is not shown where he lived after he left the home. There is some intimation in the record that he might have stayed in the home of Audelia.

Audelia was married throughout all this time until her husband died in July, 1945. So far as we are able to determine, Ernesto may have been the aggressor in this unfortunate affair. It could have been, so far as we are able to know, that Ernesto became infatuated with Audelia, and that he and he alone was responsible for leaving his wife and children and marrying Audelia.

In all good conscience, we could not let a judgment stand in this case under the facts even if we should determine that the children had a cause of action against Ernesto or Audelia. The trial court erred in rendering a judgment against either of the defendants. The judgment should have been in their favor. It becomes our duty to render the kind of judgment that should have been rendered by the trial court. Therefore, the judgment of the trial court is reversed and judgment is here rendered that the plaintiffs take nothing as against Ernesto Garza and Audelia Garza, or either of them. Judgment of the trial court is reversed and is here rendered for defendants.