Argued July 22, affirmed August 11, 1975

# BAKER, *Appellant, v.* BAKER (No. 390-490), *Respondent.*

538 P2d 1277

*Richard A. Sly,* Portland, argued the cause and filed the brief for appellant.

*John E. Johansen, Jr.,* Portland, argued the cause for respondent. With him on the brief were McCormick & Reynolds, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Plaintiff appeals from dismissal after her refusal to plead further following a sustained demurrer to her complaint which sought $27,873.01 for alleged support. The complaint (amended) is by a daughter, after majority age, against her father for support he allegedly did not pay on her behalf during minority. It alleges that plaintiff was born in 1951, was poor and unable to work; that defendant deserted plaintiff's mother and did not pay support for plaintiff until 1966; that he paid therefor after 1966 until 1972; that plaintiff's mother provided plaintiff the support she was financially able to at all times and that plaintiff's standard of living was reduced to the extent of defendant father's failure.

■■ This exact question has not been decided in Oregon. ORS 109.100 provides statutory authority for a child to enforce support against a parent, but it contemplates a hearing and a setting of an amount to be paid in the future by the parent. ORS 109.010 places upon "parents" the duty to support children. In referring to these statutes as they were then codified, the Oregon Supreme Court in *In re Northcutt*, 81 Or 646, 648, 148 P 1133, 160 P 801 (1916), said:

"From these statutes it will be seen that a method of procedure is pointed out, which method is logically exclusive of any other * * *."

In other states where similar causes as that here asserted were litigated, the courts have held that the right of action lies with the person who supplied the support, not the child. *Hooten v. Hooten*, 15 SW2d 141 (Tex Civ App 1929). *See also*, for a similar result, *Fower v. Fower Estate*, 448 SW2d 585 (Mo 1970). We agree with the conclusions of those courts.

The demurrer was properly sustained as no cause of action was stated.

Affirmed.