Argued August 23, affirmed as modified December 26, 1978,
reconsideration denied March 27, review denied June 15, 1979

JACOT, *Respondent,*

*v.*

JACOT, *Appellant.*

(No. 295-931, CA 10025)

588 P2d 122

Martin Schedler, Portland, argued the cause and
filed the brief for appellant.

[ 803 ]

William B. Aitchison, Portland, argued the cause for respondent. With him on the brief were Robert E. Martin and Franklin, Bennett, Ofelt & Jolles, P.C., Portland.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Father appeals an order which released child support payments held in a trust fund to the mother and required him to continue support payments for the youngest child. Father contends the order placing the child support payments in trust effectively terminated his child support obligation; that alternatively, the wife had not complied with the visitation schedule and was not entitled to the trust funds; and that the court erred in determining the order creating the trust was void, or voidable.

The parties were divorced in 1964. The decree provided, *inter alia,* that the mother was to have custody of the parties' three sons, born 1955, 1958 and 1960 respectively. Father was required to pay $75 per child per month as child support and was to have visitation with the children pursuant to a specific schedule. The decree also provided that mother was not to move the children from the state without the consent of the court or father.

In March of 1967, mother filed a motion requesting permission of the court to move out of state with the children. Father, in the same proceeding, sought increased visitation. The court denied mother's request and increased the father's visitation privileges.

In September, 1967, mother moved with her children to Florida without the consent of the court or father. Later that same month, the court in response to father's motion, impounded the support payments.

On October 23, 1967, the court entered an order which provided (1) father's total child support payment was reduced from $225 to $200 per month; (2) provided if mother returned to Oregon by February, 1968, the total child support payment would be increased to $225; (3) if mother remained outside the state father was to have the children for two months each summer, and (4) if she returned to Oregon the

visitation would be for one month each summer. The impounded support payments were released to mother.

Mother did not return to Oregon. There were continual problems with visitation. Father regularly sent mother airline tickets for their sons' transportation; however, the children visited their father only sporadically from 1967 to 1974. Father claimed mother prevented the boys from coming to visit, while mother contended the children were abused by father and did not want to visit him.

In 1974 father sought an order terminating child support and holding mother in contempt for failing to abide by the visitation schedule. Mother did not appear personally in the proceeding, but a letter written by her setting forth reasons the children did not come to Oregon for visitation, was received in evidence.

The court found the mother to be in wilful contempt of court but imposed no sanctions. Father was ordered to pay the child support payments into a trust fund with the children as beneficiaries. The order stated in part:

> "At such time as plaintiff [mother] appears herein and shows her willingness to comply with the visitation schedule heretofore made, the trust fund aforesaid shall be held for the benefit of the minor children."

Support for the oldest son was terminated because he had become emancipated.

Following the order the problems with visitation continued. Between 1974 and 1977, only one of the three sons visited with the father and then only during one summer.

In 1975 mother requested an order releasing the trust fund to her. The request was denied. She renewed her motion in July, 1977. The proceedings

initiated by that motion is the subject of this appeal. The court order provided as follows:

"1. The court makes no finding with regard to the contempt of either party;

"2. Child support for Andrew [the youngest child] shall continue at the rate of $66 per month until such time as he reaches the age of 21 years or is otherwise emancipated; and

"3. Plaintiff [mother] has judgment against defendant for child support for Andrew in the amount of $2,574; for minor son Gregory has judgment against defendant for $230, an amount computed as still owing from the trust fund set up by the order of Judge Deiz September 19, 1974."

The amount of past due child support awarded to mother in the order was approximately one-half of the funds accumulated in the trust. The remainder was not specifically disposed of by the court. Mother, in oral argument, for reasons which we need not here discuss, conceded father could have the balance in the trust fund not affected by the order.

■ Father argues the only reasonable interpretation of the 1974 order is that his support obligation was effectively terminated until mother appeared and indicated her willingness to comply with the visitation schedule. We disagree. If the court had wished to terminate the support obligation the creation of the trust would have been unnecessary. The court was concerned with father's inability to exercise his visitation rights and for that reason ordered the support payments to be held in trust. There is nothing in the court's order which indicates that the court wished to permanently deprive the mother of financial assistance from the father for raising the children.

■■ The accrued child support payments, accumulated in the trust account in compliance with the 1974 order, are a judgment and not subject to modification. ORS 107.135(2) provides:

"The dissolution decree is a final judgment as to any instalment or payment of money which has accrued up to

the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion."

Under this statute the court was without authority to set aside the accrued support payments for any reason. The 1974 order in this case in effect ordered father to make child support payments. The release of these accrued payments to mother was contingent upon her complying with the visitation schedule ordered by the court. Since the support payments owed to the mother were a judgment under ORS 107.135(2) they could not be set aside upon the failure of this future contingency. To do so would allow the court to do by indirection what the statute forbids it to do directly. It is thus unnecessary to reach father's alternative contention that mother failed to accord him visitation rights.

The final contention of father is that the court erred in finding the 1974 order void or voidable. Although the court discussed this issue from the bench during the proceeding no such ruling was incorporated in the written order. We therefore do not approach this assignment of error.

■ The order of the court in this proceeding, which is set out above, could be read as requiring the release of $230 of the trust fund to the second son. Child support from the noncustodial parent belongs to the custodial parent and not the child. *See Baker v. Baker,* 22 Or App 285, 538 P2d 1277 (1975); *Miller v. Miller,* 29 Or App 723, 565 P2d 382 (1977). To clear up any ambiguity in the order, clause "3" is modified to read as follows:

"3. Plaintiff has judgment against defendant for child support for Andrew and Gregory in the amount of $2804, an amount computed as still owing from the trust

fund set up by the order of Judge Deiz September 19, 1974."

Affirmed as modified. No costs to either party.

**LEE, J.,** specially concurring.

I concur with the result because no explicit visitation condition was imposed by the trial court at the time the father was ordered to pay the child support payments into a trust fund. I specially concur because, in my opinion, the court has the power through the use of a trust created pursuant to ORS 107.105(1)(f) to condition future support on the granting of reasonable visitation. The majority opinion does not, as I interpret it, preclude such a trust.