(601 P.2d 1176)
No. 50,372

ALLEN LEROY STAPEL, *Appellant,* v. WALTER A. STAPEL, *Appellee.*

Petition for review denied January 29, 1980.

Opinion filed November 2, 1979.

*Daniel C. Walter,* of Ryan, Kent & Wichman, Chartered, of Norton, for the appellant.

*Gregory J. Herrman,* of Herrman & Herrman, of Hays, for the appellee.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

PARKS, J.: This is an action brought by Allen Stapel against his father, Walter Stapel, for child support allegedly due from September 2, 1965, to Allen's 18th birthday on October 12, 1977. Allen brought this action a year and eight months after he attained majority. The trial court granted Walter's motion for summary judgment and Allen appeals.

Allen's natural parents are Carol Stapel Price Werner and the defendant Walter Stapel. Carol and Walter were divorced in 1962 with Carol receiving custody of Allen and Walter ordered to pay $50 a month child support, later reduced to $30 a month. After their divorce, Carol married Harry Price and Walter married Harry's ex-wife, Neva. In effect, Harry and Walter traded wives and children but retained support obligations to their biological children.

Eventually Harry fell behind in his payments to Neva and contempt proceedings were held with both couples present. On September 2, 1965, the trial court modified the divorce support orders, ordering Harry to pay only the support already due but no future payments. The court also reduced the child support for Allen to zero when it ordered that Harry Price and Walter Stapel "be relieved from further payment of future support payments for their respective minor children now in the care and custody of Neva Price Stapel and Carol J. Price." Thus both men were left in

the position of being required to support the children they live with, not their biological children.

The responsibility of a court to make child custody and support orders pursuant to K.S.A. 60-1610(*a*) is completely independent of the child's ability to bring a common law action for support. The continuing jurisdiction of the court permits it to make discretionary modifications in the support order whenever changed circumstances require (*Goetz v. Goetz,* 184 Kan. 174, 334 P.2d 835 [1959]; *Herzmark v. Herzmark,* 199 Kan. 48, 427 P.2d 465 [1967]) and such an order or modification is not subject to a collateral attack upon its validity. *Harder v. Towns,* 1 Kan. App. 2d 667, 670, 573 P.2d 625 (1977), *rev. denied* 225 Kan. 844 (1978). Accordingly, the court had complete authority to modify the support order unless to do so was an abuse of discretion. No such abuse is alleged by Allen and none is apparent.

Allen filed this suit to recover support payments not made since 1965. The trial court granted summary judgment for the father Walter and held that Allen could not maintain as an adult an action for past due support because there was no judgment of support made when Allen was a minor. Allen argues that he may not have had a judgment but he did have a common law cause of action which ripened when he received no support from his father following the 1965 order. *Doughty v. Engler,* 112 Kan. 583, 211 Pac. 619 (1923).

The precise question of whether an *adult* can maintain such an action for *past* support has not been decided in Kansas. In other states where similar causes were litigated, the courts have held that the right of action lies with the person who supplied the support and not with the child. In this case, as plaintiff's counsel himself agreed, "[T]he plaintiff's mother, Carol Stapel Price Werner, has been the one solely responsible for the support of Allen Stapel for the last thirteen years."

The plaintiff in *Baker v. Baker,* 22 Or. App. 285, 538 P.2d 1277 (1975), attempted to sue her father for support he had allegedly failed to pay during some 14 years of her minority. Conceding that her mother had supported her throughout her minority, plaintiff contended that she had nonetheless been damaged by her father's failure to meet his parental obligation to the extent that her standard of living had been reduced. The dismissal of plaintiff's complaint was affirmed on appeal in accordance with the generally accepted rule that where a child has been supported

during his minority by a single parent, once that child becomes an adult any right of action for reimbursement from the noncontributing parent belongs to the parent who provided that support and not to the child. See also *Hooten v. Hooten,* 15 S.W.2d 141 (Tex. Civ. App. 1929); *Fower v. Fower Estate,* 448 S.W.2d 585 (Mo. 1970); *Miller v. Miller,* 29 Or. App. 723, 565 P.2d 382 (1977).

We agree with the conclusion reached in *Baker* and hold that summary judgment for the father in this case was proper. Because no cause of action exists, there is no merit in Allen's argument that the statute of limitations (K.S.A. 60-515) applies.

Judgment is affirmed.