## GOVERNMENT OF THE VIRGIN ISLANDS ex rel. JULIET SEATON, Petitioner

### v.

### GILBERT APPLETON, Respondent

Family No. 130/1966

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 1, 1987

DIANE MARTIN POMPER, ESQ., Assistant Attorney General (Government of the Virgin Islands Department of Justice), St. Thomas, V.I. *for petitioner*

GILBERT APPLETON, St. Thomas, V.I., *pro se*

MEYERS, *Judge*

## MEMORANDUM OPINION

The issue before the Court is whether upon the death of the custodial parent, child support arrearage payments are to be paid directly to the child even though the child has reached majority, or whether such payments become a party of the custodial parent's estate, distributable by descent and distribution. The Court holds that such payments become a part of the custodial parent's estate.

### FACTS

On September 26, 1966, the Court determined respondent, Gilbert Appleton, to be the father of Ellen Seaton, whose mother was the Petitioner, Juliet Seaton. Respondent was then ordered to pay $5.00 weekly as and for the support of Ellen, which was subsequently increased to $7.00 weekly. However, he was always behind in his payments and has been before the Court on numerous occasions for contempt.

On April 6, 1982, respondent was again brought before the Court and ordered to pay $18.00 bi-weekly, of which $4.00 would be applied towards an arrearage calculated at that time to be $2,125.00. When Ellen reached the age of majority, respondent continued to make payments to the petitioner, the custodial parent, in order to extinguish the arrearage, which at that time was in excess of $1,193.00. Petitioner died on September 1, 1984, and respondent continued to liquidate the arrearage by making payments at the Department of Law, Division of Paternity and Child Support. The Government now is requesting that these accumulated monies be paid directly to Ellen even though she is no longer a minor since such monies were initially for her support and benefit.

## DISCUSSION

■■ Generally, the custodial parent has no personal interest in the support funds for his or her child, but acts, instead, as a trustee for the child's benefit. Hartman v. Smith, 674 P.2d 176 (Wash. 1984); Ditmar v. Ditmar, 293 P.2d 759 (Wash. 1956). This rule, however, holds true only when the support funds are prospective in nature. When overdue support payments are involved, these payments are considered to be reimbursement to the custodial parent for monies actually expended on the child's behalf and create a cause of action for the custodial parent. Hartman v. Smith, supra; Miller v. Miller, 565 P.2d 382 (Or. 1977); Baker v. Baker, 538 P.2d 1277 (Or. 1975); see also, Ross v. Azcarate, 692 P.2d 897 (Wash. 1984).

In Baker v. Baker, supra, the plaintiff attempted to sue her father for support he failed to pay for 14 years of her minority. Plaintiff's mother had supported her solely. In dismissing the plaintiff's complaint, the court followed the generally accepted rule that, where a child has in the past been supported by a single parent, any right of action against the noncontributing parent lies not with the child, but with the parent who has provided the support. Baker v. Baker, supra.

Viewing the custodial parent as a trustee for the support payments of the child, the general principle is that when a trustee has discharged the liability of the trust out of her own funds, she is entitled to reimbursement out of the trust funds. Miller v. Miller, supra; see generally, G. Bogert, The Law of Trusts and Trustee, Section 972 (2d ed. 1983), Restatement (Second) Trusts, Section 244 (1959). So where, as here, the custodial parent has discharged the liability of the accrued unpaid child support obligation by actually supporting the child over the period where judgment has accrued, that judgment accrues not to the child, but to the supporting parent. Miller v. Miller, supra.

■ Applying the general principles to the case at bar, the Court finds that petitioner, Juliet Seaton, was a trustee of the child support funds for Ellen. Petitioner, having discharged Respondent's support obligations by solely supporting Ellen during periods when the support judgment was in effect, any arrearage payments made by respondent accrues to her estate as reimbursement for funds that she actually expended. The child support arrearage funds that have accumulated at the Collection's Office of the Attorney General, therefore, became a part of the petitioner's estate at her death in

1984, and should be disposed of in accordance with the laws of descent and distribution (15 V.I.C. § 84).

## CONCLUSION

Based on the foregoing discussion, it is this Court's opinion that the child support arrearage funds that have accumulated at the Collection's Office of the Attorney General's Office should be disbursed to the estate of the custodial parent, Juliet Seaton.

## ORDER

The Court, having issued its memorandum opinion of even date, it is hereby

ORDERED that the child support arrearage funds accumulated at the Collection's Office of the Attorney General be disbursed to the estate of Juliet Seaton; and it is further

ORDERED that copies of this order be directed to the Department of Law, Division of Paternity and Child Support; the respondent, Gilbert Appleton; and the Territorial Court of the Virgin Islands, Probate Division.