**Lonnie–Scott HOLDEN, Plaintiff,**

v.

**Larry D. HOLDEN, Defendant.**

**Civil Action No. 96–2154–KHV.**

United States District Court,
D. Kansas.

Feb. 12, 1997.

Brenda S. Watkins, Kansas City, KS, for Lonnie–Scott Holden.

Kent Sullivan, Morrison & Hecker L.L.P., Overland Park, KS, Michael Sell, Chionuma & Associates, P.C., Kansas City, Kevin B. Duckworth, Karen C. Wallace, Duckworth & Schumann, P.C., Chicago, IL, for Larry D. Holden.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

On September 26, 1996, the Court ordered the Clerk to enter default in favor of plaintiff and set a hearing for October 17, 1996, to determine the amount of damages. *See Order* (Doc. # 16). At the beginning of the damage hearing the Court advised plaintiff that in addition to proving damages, he must establish an actionable claim under Kansas law. Being so advised, plaintiff and his mother presented evidence concerning defendant's lack of financial and emotional support for plaintiff during his minority. At the conclusion of the hearing the Court stated that unless plaintiff successfully moved for reconsideration by October 23, 1996, it intended to dismiss the case effective November 1, 1996, for lack of subject matter jurisdiction under the domestic relations exception set forth in *Vaughan v. Smithson,* 883 F.2d 63 (10th Cir.1989). The matter now comes before the Court on *Plaintiff's Motion For Reconsideration And Memorandum Brief* (Doc. # 30) filed October 23, 1996, and *Plaintiff's Supplemental Motion For Reconsideration And Memorandum Brief* (Doc. # 36) filed November 25, 1996. For the following reasons, the Court finds that it has subject matter jurisdiction over plaintiff's claim but that plaintiff does not state a claim authorized by Kansas law.

### Subject Matter Jurisdiction

After the Tenth Circuit issued its opinion in *Vaughan,* the United States Supreme Court more specifically outlined the types of domestic relation cases excluded from federal jurisdiction. *See Ankenbrandt v. Richards,* 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). The Court upheld the domestic relations exception, but limited it to cases involving the issuance of a divorce, alimony, or child custody decree. *Id.* at 704, 112 S.Ct. at 2215.

In the present case Lonnie–Scott Holden brings a common law claim against his father for unpaid child support and damages for failing to provide emotional support prior to his emancipation under Kansas law. Because this is not a case within the enumerated exception established by *Ankenbrandt,* the Court has subject matter jurisdiction over plaintiff's claims.

### Duty of Support Under Kansas Law

Plaintiff's biological parents, who never married, are Larry Don Holden and Mozella Jenkins. Plaintiff was born on November 22, 1977, and under Kansas law he was eligible

for child support until June 30, 1996.[1] Plaintiff is a Kansas resident who moved to Kansas over two and a half years ago. Plaintiff seeks damages for his father's failure to support him financially and emotionally during his minority, including not only the time he lived in Kansas but the periods when he lived elsewhere. Plaintiff premises his action on a common law duty of support under Kansas law.

██ In Kansas, a parent's duty to support a child may be enforced in civil proceedings in three ways. Depending on the circumstances of the individual case, the proper remedy may be a proceeding under K.S.A. § 60-1610(a) in conjunction with a petition for divorce, annulment or separate maintenance, a proceeding under the Uniform Reciprocal Enforcement of Support Act, or an action to enforce the common law duty of support. *See Keller v. Guernsey,* 227 Kan. 480, 608 P.2d 896, 902 (1980).

██ Plaintiff seeks damages for unpaid financial support during his minority. During that time plaintiff's mother provided plaintiff's primary support, with public assistance and limited support from plaintiff's father. On these facts, plaintiff does not allege a cause of action recognized by Kansas law. *See Stapel v. Stapel,* 4 Kan.App.2d 19, 601 P.2d 1176, 1178 (App.1979).

In *Stapel,* the court affirmed the entry of summary judgment for a father under similar circumstances. The son, after reaching the age of majority, brought an action for child support allegedly due from September 2, 1965, to his eighteenth birthday on October 12, 1977. The son argued that although no judgment of support had been entered while he was a minor, Kansas law afforded a common law cause of action for support against his father. *Id.* 601 P.2d at 1177–78. Like the present case, plaintiff's mother in that case had supported plaintiff for the years at issue. *Id.* at 1178. The *Stapel* court held that "where a child has been supported during his minority by a single parent, once that child become an adult any right of action for reimbursement from the noncontributing parent belongs to the parent who provided that support and not to the child." *Id.; see also State ex rel. Secretary of Social & Rehabilitation Servs. v. Castro,* 235 Kan. 704, 684 P.2d 379, 386 (1984). Following *Stapel,* the Court finds that plaintiff can maintain no cause of action for unpaid child support.

██ Plaintiff also seeks damages for his father's lack of emotional support. Plaintiff asserts that "[t]he parent's obligation to support his child has been construed to include 'not only the common law or statutory duty to maintain a child in the financial or economic sense but also to include the natural and moral duty of a parent to show affection, care and interest toward his child.' " *citing In re Adoption of Sharp,* 197 Kan. 502, 419 P.2d 812, 815–16 (1966). *Sharp* is not persuasive in the present case. It considered whether a parent's right to consent to an adoption was necessary, not whether monetary damages are available for a parent's failure to provide emotional support. Because the Court finds no Kansas case law authorizing such relief, plaintiff is not entitled to damages on the default judgment.[2]

**IT IS THEREFORE ORDERED** that the Clerk enter judgment for defendant.

---

1. Plaintiff turned 18 on November 22, 1995. Because plaintiff was still attending high school at that time, any child support ordered by a Kansas court would continue until June 30 of the following year, *i.e.* June 30, 1996. K.S.A. § 60-1610(a)(1)(B).

2. Plaintiff in his reply brief sets forth the necessary elements of an emotional distress claim. Plaintiff's complaint, however, is premised upon the defendant's common law duty to support his child. We therefore do not entertain that theory of recovery.