2003 OK CIV APP 99

**Brandi LaNe MOORE, Plaintiff/Appellant,**

v.

**Danny Joe MOORE, Defendant/Appellee.**

**No. 98,552.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 24, 2003.

Stan Chatman, Yukon, OK, for Plaintiff/Appellant.

Scott E. McCann, El Reno, OK, for Defendant/Appellee.

**OPINION**

CARL B. JONES, Judge:

¶ 1 Brandi LaNe Moore, Appellant, is the adult natural daughter of Appellee, Danny Joe Moore. Approximately two years after reaching the age of majority, Appellant brought a legal action against her father to collect past due child support. Appellee filed a special appearance and moved to dismiss on the basis that Appellant's petition fails to state a claim upon which relief can be granted because she does not have standing or capacity to sue Appellee. Appellee admitted Appellant is his natural child; however, he asserted she is not the proper party to sue or seek a remedy against Appellee for past due child support because the decree of divorce required Appellee to pay Appellant's mother. On October 4, 2002, the trial court dismissed Appellant's petition finding she lacked standing to bring the action. Thereafter, Appellant lodged this appeal.

¶ 2 In reviewing a trial court's disposition by dismissal, this court examines the issues de novo. *Miller v. Miller*, 1998 OK 24, ¶ 15, 956 P.2d 887, 894. After de novo review of the instant record, we affirm.

¶ 3 On appeal, Appellant urges the trial court erred when it sustained Appellee's motion to dismiss. The record reveals Appellant's mother and Appellee, Appellant's natural father, were divorced on May 21, 1985. The divorce decree ordered Appellee to pay Appellant's mother child support in the amount of $150.00 per month. Appellant alleges her mother never attempted to collect child support and that the unpaid child support due from Appellee is in arrears approximately $27,000.00. Appellant urges since child support payments are for the benefit of the child, Appellant has standing, as such child, to bring an action against Appellee to collect child support arrearage.

¶ 4 We agree that child support payments are for the benefit of the child. *McNeal v. Robinson*, 1981 OK 43, ¶ 13, 628 P.2d 358, 360. We also recognize "no parent may, through settlement, agreement, or otherwise, compromise the child's right to enforce a support obligation against its parent." *Hedges v. Hedges*, 2002 OK 92, 66 P.3d 364 n. 3, *citing State Dept. of Human Services ex rel. K.A.G. v. T.D.G.*, 1993 OK 126, ¶ 10, 861 P.2d 990, 994–95. However, we find no legislative authority or Oklahoma case law recognizing the right of a non-disabled adult child to bring an action against the defaulting parent for the collection of *past due* child sup-

port.[1] *See Hedges, supra,* wherein the Court specifically footnoted that it did not address an adult child's own right to recovery of child support from the non-contributing parent.

¶5 We note some jurisdictions permit either the child or the former custodial parent to bring an action for past due child support against the defaulting parent. *See Brown v. Brown,* 822 So.2d 1119 (Miss.App.2002), and *Clemmons v. Office of Child Support Enforcement,* 345 Ark. 330, 47 S.W.3d 227 (2001).

¶6 However, other jurisdictions have held the cause of action against the non-contributing parent for past due child support lies with the custodial parent who has provided the support and not with the child. *See Hartman v. Smith,* 100 Wash.2d 766, 674 P.2d 176 (1984); *Miller v. Miller,* 29 Or.App. 723, 565 P.2d 382 (1977); *Stapel v. Stapel,* 4 Kan.App.2d 19, 601 P.2d 1176 (1979); and *Georgia Dept. of Human Resources ex rel. Holland v. Holland,* 263 Ga. 885, 440 S.E.2d 9 (1994). The underlying reason for this general rule is that payment of arrearage can be assumed to be a payment to reimburse the custodial parent for support of the children, rather than a payment for the benefit of the children themselves. *See In re Marriage of Utigard,* 126 Cal.App.3d 133, 178 Cal.Rptr. 546 (3rd Dist.1981); *see also Stanton v. Stanton* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975) (Under Utah law, an action for past due child support belongs to the custodial parent and not the child.).

¶7 Since we can find no legislative mandate or Supreme Court ruling permitting a non-disabled adult child to bring a cause of action against the non-contributing parent for past due child support, we decline to create such an action.

¶8 AFFIRMED.

HANSEN, J., and MITCHELL, P.J., concur.

---

1. We note 43 O.S.2001 § 112.1A specifically permits an adult child, who does not have a mental disability and is determined by the court to be capable of managing his or her own financial affairs, to file a suit against either or both parents for support for an indefinite period if the court finds the child is not capable of self-support because of a physical disability. However, since the instant case deals with past due child support which was for the benefit of a non-disabled minor child, this statute is clearly inapplicable.